THOMAS B. WILSON *v.* THE ÆTNA INSURANCE COMPANY.

*Insurance.    Contract to sue within a limited time.*

A stipulation in a policy of insurance that no action shall be sustainable, unless commenced within twelve months after the loss, is binding, and bars a suit commenced after that time, even though a prior suit was commenced within the twelve months and failed, without fault on the part of the plaintiff.

ASSUMPSIT on a policy of insurance, issued by the defendants to the plaintiff on the 1st day of February, 1849, insuring against fire for the term of one year thereafter certain property of the plaintiff which was destroyed by fire, on the 6th day of May, 1849. From the pleadings, which resulted in an issue of law, it appeared that the policy contained upon its face a provision that it was made and accepted in reference to the conditions thereto annexed, which were to be used and resorted to in order to explain the rights and obliga-

tions of the parties to said policy, in all cases not in said policy otherwise specially provided for, and that among the conditions thereto annexed, was one in the following words, viz: ,

"It is furthermore hereby expressly provided, that no suit or "action against said company, for the recovery of any claim upon, "under, or by virtue of this policy, shall be sustainable in any "court of law or chancery, unless such suit or action shall be com-"menced within the term of twelve months next after any loss or "damage shall occur; and in case any such suit or action shall be "commenced against said company after the expiration of twelve "months next after such damage or loss shall have occurred, the "lapse of time shall be taken and deemed as conclusive evidence "against the validity of the claim thereby so attempted to be "enforced." .

That, on the 1st of September, 1849, the plaintiff commenced an action against the defendants on said policy, in the circuit court for the county of Jefferson in the state of Indiana, wherein such proceeding were had, that by reason only of a defect in the proof of the destruction of the policy, which was destroyed by fire at the same time with the property insured, the plaintiff was obliged, without fault on his part, to become nonsuit on the 2d Tuesday of March, 1851. The present suit was commenced on the 20th of August, 1853.

The county court, November Term, 1854,— PECK, J. presiding, — rendered judgment for the defendants. Exceptions by the plaintiff.

*Phelps & Chittenden* for the plaintiff.

The action is not barred by the limitation in the policy.

Suit was brought by the plaintiff in the proper court, in good faith, within the time specified. It failed through no act or fault of his, and from a cause entirely disconnected from its merits; but during its pendency, the twelve months had elapsed. This was a sufficient compliance with the provision in the policy, and another suit might then be brought under the general law of the land.

Such limitations being in derogation of common right, are construed strictly, and sustained with hesitation. They will never be carried beyond the obvious and just intent of the parties.

*Salmon Wires* and *Geo. F. Edmunds* for the defendants.

There is no general rule of law, or consideration of policy, that should induce a court to refuse to give full effect to a stipulation of this kind, in any contract, and *especially* in contracts of insurance. *Worsley* v. *Wood et al,* 6 T. R. 710.

It is stated in the policy to be an express " condition of insurance," and as such the court must give effect to it, as the courts always have done to similar conditions; as that the proofs of the loss must be made within a limited time, *Haff* v. *Marine Ins. Co.,* 4 Johns. 132 ; *Inman* v. *Western Ins. Co.,* 12 Wend, 452 ; as that no suit should be commenced till the expiration of a certain period, *Camberling* v. *M' Call,* 2 Yeates, 281 ; *Bryant* v. *Commonwealth Ins. Co.,* 6 Pick, 131 ; and, as that the assured should procure the certificate of certain persons, that the loss was in their opinion, *bona fide. Worsley* v. *Wood,* 6 T. R. 710. *Leadbetter* v. *Ætna Ins. Co.,* 1 Shep. 265.

In the case of *Williams et al* v. *Vt. Mutual Fire Insurance Co.,* 20 Vt. 222, the court say that a clause somewhat like the one in question, in the defendants' charter, bars the *right* of the party to make his claim ; and they so decide, not on the ground that the clause is a part of the law, but that it is a part of the *contract made by the parties,* and that if the clause is not complied with, " *there remains no longer a legal liability in any form.*"

So, too, in equity even, in a case identical with this, Judge Nelson held that a plea setting up this conventional limitation was a good bar to a bill brought to recover the amount of a loss under a policy of insurance.   *Crary* v. *Hartford Fire Ins. Co.,* 1 Blatch Cir. Ct. 280.

The opinion of the court was delivered by

REDFIELD, CH. J.   No question seems to be made in the argument, that such contracts, in regard to the time within which the action shall be brought, are binding.   Indeed, we do not well see how any could be made.   It is clear that the parties might have agreed no action should be brought until after any given time, say one, five, or fifty years, and they would be bound by the limitation. And it is difficult to see how this differs in principle from such a limitation.   It is but a limitation as to the time within which an

action may be brought, and whether you exclude the first year and include all time after, or include the first year and exclude all time after, it seems impossible to find any difference in the principle of the contract or its legal policy.

Contracts of assurance are construed with great strictness by courts, and justly so. It is well settled that the assured is bound to the strict truth of all representations, and the slightest breach of good faith or warranty in regard to the risk, avoids the policy. So, too, in case of loss, the assured cannot recover if he fail strictly to comply with all the conditions of his policy in regard to the time and mode of reporting his loss, or in procuring certificates of its being in good faith, or even its amount, where such conditions are made explicit prerequisites to the right of recovery. We see no possible reason why this condition should not be equally binding.

And this stipulation is too explicit to allow of any escape from its import by construction. It is not that an action shall be commenced within twelve months ; but that no recovery shall be had unless such action is commenced within twelve months after the loss. Such action can only signify the action in which the recovery is sought. That must be this action, and all actions in which a recovery is claimed. And there is no provision for any exception on account of the failure of any of such actions. And without such provision in the contract, the court cannot import one without subjecting the contract to virtual disregard, at the mere will or caprice of the parties. No court of law could relieve the party from the performance of a condition of this nature, unless upon proof of the fraud of the other party. If the party could have any relief in such case, which is questionable,—too questionable to be hopeful,—it would not be here.

Statutes of limitation would be subject to no such exception, unless by the express terms of the statutes. That a party was driven to a nonsuit in his former suit, is no excuse for not bringing a suit before the cause of action is barred by statute, or by the terms of the contract, unless such an exception is contained in the act of limitation. And if not contained in such act or contract, no court has any authority to incorporate one. *Craky* v. *Hartford Insurance Co.*, 1 Blatch. C. C. 280. *Worsley* v. *Wood*, 6 Term 710. 20 Vt. 222. The case in Blatchford is a decision of the circuit

court in the district of Connecticut, upon a precisely similar provision in the policy of another Hartford insurance company, and Justice NELSON holds it a defence to the merits of the claim, and calls it a condition subsequent, in the contract, by which the right to indemnity for the loss is defeated. I should say it was a condition precedent to the right of recovery, which is the same thing in a different form of words.

Judgment affirmed.