JABEZ AMESBURY & another *vs.* BOWDITCH MUTUAL FIRE INSURANCE COMPANY.

A by-law of a mutual fire insurance company, which consists of several distinct and independent parts, may be valid as to one of those parts, though void as to the others.

A stipulation, contained in a by-law of a mutual fire insurance company, (to which their policies are in terms made subject,) that in case of loss, if the assured shall not acquiesce in the determination by the directors of the amount thereof, any action for the loss claimed must be brought within four months after such determination, at a proper court in the county in which the office of the company is established, is valid so far as concerns the limitation of time, though void so far as it affects the jurisdiction of courts.

A by-law of a mutual fire insurance company (to which their policies are in terms made subject) which provides that, upon notice of a loss, the directors shall proceed to determine and pay the amount thereof, but if the assured shall not acquiesce in their determination, any action for "the loss claimed" must be brought within four months after such determination, does not prevent the assured from commencing an action after that time for the amount determined by the directors. And the assured, in an action brought after that time upon the policy, to which the company answer, admitting the loss, and averring a determination of the amount thereof by the directors, and relying upon such limitation of time in the by-law, may amend by declaring for the amount so determined, and take judgment therefor, without further trial.

ACTION OF CONTRACT by two inhabitants of Killingly in the State of Connecticut against a mutual fire insurance company established at Salem in the county of Essex in this commonwealth, upon a policy of insurance. Writ dated September 3d 1852.

The declaration averred that the defendants made a policy of insurance for the sum of $2,500 upon the plaintiffs' building and machinery in Killingly against the perils of fire from the 10th of January 1851 to the 10th of January 1852; that on the 10th of July 1851 the building and machinery were destroyed by fire; " and the defendants afterwards, to wit, on the 12th of July, had notice of the said loss, and were bound by the terms of said policy to pay the plaintiffs the amount of said loss; and the defendants owe the plaintiffs therefor the sum of twenty five hundred dollars."

At April term 1853 the defendants answered, admitting the making of the policy, and a loss by fire, but leaving it to the plaintiffs to prove the amount of the loss; averring that on the

6th of October 1851 the defendants determined as to the amount of the loss, and notified the plaintiffs of such determination; " and the plaintiffs ought not to recover in this action, because. they did not bring their action within four months of the time of such determination, nor in the county of Essex," as they bound themselves to do by their policy, which was made " subject to the provisions and conditions of the charter and by-laws of said corporation;" (a copy of the eighteenth article of which by-laws was annexed to the answer;) and " that the plaintiffs did not suffer a loss to the extent they claim, and, if they suffered any loss, it was much less than the amount alleged, to wit, the sum of $1,667.42."

The by-law in question was in these words : " Upon notice of loss being given in the manner provided by the preceding section, the directors shall proceed as soon as may be to ascertain and determine if any loss has occurred for which the company is liable, and if they shall determine that the company is liable, then they shall also determine the amount of the loss, and shall pay the same within three months after such notice. But if the assured shall not acquiesce in their determination as to the liability of the company, or the extent of the loss claimed, the claim may be submitted to referees, if both parties consent thereto, or the assured may, within four months after any such determination, but not after that time, bring an action at law against the company for the loss claimed, which action shall be brought at a proper court in the county of Essex. But if the plaintiff shall not recover, before referees or in his action at law, a greater sum than the amount which had been determined by the directors, the company shall recover their costs, and execution shall issue for the balance in favor of the party entitled to it."

At the trial in this court it appeared that the defendants' directors, on the 6th of October 1851, determined upon the amount of the loss, and voted to pay $1,667.42, as the amount due under the policy, and immediately gave notice thereof by letter to the plaintiffs, who answered on the 30th of October 1851, expressing their dissatisfaction with the amount voted, and their purpose, unless the full amount of the loss should be

paid, to bring an action; to which the defendants replied, re-fusing to pay any more than the amount determined by their directors.

*Merrick,* J. ruled that the action, not having been commenced within the time limited, nor in the county designated in said by-law, could not be maintained; and directed a verdict for the defendants, and reserved the question for the consideration of the full court.

The arguments were made at October term 1855.

*D. Foster,* (*P. C. Bacon* with him,) for the plaintiffs. The defendants admit that the plaintiffs once had a right of action on the policy; and set up no subsequent act of the defendants to satisfy it, nor of the plaintiffs to release it; but contend that it has been released since it accrued, simply by the effect of the by-law annexed to the policy. The by-law relied upon under-takes to alter the laws of the Commonwealth in three particulars —the court in which the plaintiff may sue; the time within which he may bring his suit; and the costs which he may recover. Whether it be considered as a contract or a by-law, it is void. The contract being broken, it is the province of the legislature, and not of the parties, to provide and regulate the remedy. " The course of judicial proceedings, and the time when the action may be commenced, must be directed, exclu-sively, by the laws of this commonwealth." *Pearsall* v. *Dwight,* 2 Mass. 89.

1. If it be regarded as a contract, it is a compound and con-nected stipulation; and if part is illegal, the whole is void. It cannot operate as a release; for a release of a demand not in existence is void; and a right of action to arise in the future under an existing contract cannot be released, without releasing the contract. *Hastings* v. *Dickinson,* 7 Mass. 155. *Gibson* v. *Gibson,* 15 Mass. 110. Nor can it avail the defendants as a covenant or agreement not to sue; for such a covenant or agree-ment cannot be pleaded in bar, unless it amounts to a perpetual covenant not to sue, which is equivalent to a release, and is allowed to operate as such to avoid circuity of action. *Perkins* v. *Gilman,* 8 Pick. 230. If a covenant to sue within a limited

time cannot be pleaded in bar, why should a covenant not to sue in a particular place?

It is void, on the same ground on which contracts to submit to arbitration are held void, as an attempt to oust the courts of their jurisdiction. *Kill* v. *Hollister*, 1 Wils. 129. *Thompson* v. *Charnock*, 8 T. R. 139. *Mitchell* v. *Harris*, 2 Ves. Jr. (Amer. ed.) 129, & notes. *Scott* v. *Avery*, 8 Exch. 487, 500. See also *Coburn* v. *Whitely*, 8 Met. 272. And it deprives citizens of another state, of the privilege, secured to them by the Constitution and laws of the United States, of suing in the circuit court of the United States.

This stipulation is not made a condition precedent to the vesting of any right of action, as in *Scott* v. *Avery*, 8 Exch. 487. In *Cray* v. *Hartford Fire Ins. Co.* 1 Blatchf. C. C. 280, the stipulation merely concerned the limitation of time, and was in the form of an express condition.

2. But the parties have not agreed upon this stipulation as a contract, but only as a by-law; and, considered as a by-law, it is subject to additional equally grave objections. The defendants are only authorized " to make by-laws and regulations, consistent with the laws of the Commonwealth, for their own government, and for the due and orderly conducting of their affairs, and the management of their property." Rev. Sts. *c.* 44, § 1. This by-law transcends these limits, and is unreasonable, and therefore void. Even a town has no power, under the authority to make by-laws, to usurp the rights of the legislature; much less a mere private corporation. *Ballard* v. *Bennet*, 2 Bur. 778. *Middleton's case*, Dyer, 332 *b*. *Commonwealth* v. *Turner*, 1 Cush. 493. *Austin* v. *Murray*, 16 Pick. 126. *Sargent* v. *Franklin Ins. Co.* 8 Pick. 96. *Trustees of Free Schools in Andover* v. *Flint*, 13 Met. 539. This by-law omits the exceptions, found in all statutes of limitation, to prevent failure of justice from disability of the plaintiff, defects of form, mistakes of officers, and the like. And it assumes to give costs to the defendants, when the law would give costs to the plaintiff unless the defendants had tendered or offered to be defaulted for the amount which they admitted to be due. Any by-law, void in part, is wholly void. *Austin* v. *Murray*, 16 Pick. 126.

The assent of the plaintiffs, by becoming members of the corporation, to all their by-laws, extends only to legal by-laws. *Stetson* v. *Kempton,* 13 Mass. 282. Angell & Ames on Corp. § 343.

*R. Choate & O. P. Lord,* (*J. W. Perry* with them,) for the defendants. 1. All " the provisions and conditions of the charter and by-laws" are expressly made a part of the contract between the plaintiffs and the defendants. The plaintiffs, in consideration of the insurance of their property, renounced the privilege of suing at any time within six years, and in any other county than Essex. Parties may, by agreement, abridge or limit their rights within what the law would otherwise give them; though they cannot enlarge their rights beyond the limits of law.

This case is somewhat like that of interest on money, which may be fixed by the parties at a less rate than six per cent., notwithstanding the provision of the Rev. Sts. *c.* 35, § 1, that " it shall continue to be at the rate of six dollars."

There is no decision that a covenant not to sue for a particular time cannot be pleaded in bar, when it is not an independent and collateral agreement, but a part of one entire contract. And when a forfeiture is annexed to a breach of it, it may be pleaded in bar. *White* v. *Dingley,* 4 Mass. 433. *Upham* v. *Smith,* 7 Mass. 265. *Gibson* v. *Gibson,* 15 Mass. 112. *Perkins* v. *Gilman,* 8 Pick. 230. *Foster* v. *Purdy,* 5 Met. 442. If an agreement not to sue before a certain time may be so pleaded, why not an agreement not to sue after a certain time ? The statute of limitations, which provides that such suits shall not be brought after six years, is not violated by the agreement to sue within a shorter time. That this part, at least, of the stipulation is valid, has been expressly decided. *Cray* v. *Hartford Fire Ins. Co.* 1 Blatchf. C. C. 280. *Wilson* v. *Ætna Ins. Co.* 27 Verm. 99. And that is enough for this case.

The ground on which an agreement to submit to arbitration is not allowed to be pleaded in bar is, not because it tends to oust the court of its jurisdiction, but because it is uncertain, and difficult to carry into effect. *Tobey* v. *County of Bristol,* 3 Story R. 800. *Kill* v. *Hollister,* 1 Wils. 129. *Wellington* v. *Macin-*

*tosh,* 2 Atk. 569. *Halfhide* v. *Fenning,* 2 Bro. C. C. 336. *Mitchel* v. *Harris,* 2 Ves. Jr. 129. *Street* v. *Rigby,* 6 Ves. 815. *Waters* v. *Taylor,* 15 Ves. 18. *Thompson* v. *Charnock,* 8 T. R. 139. *Tattersall* v. *Groote,* 2 Bos. & Pul. 131. *Goldstone* v. *Osborn,* 2 Car. & P. 550. *Scott* v. *Avery,* 8 Exch. 487. *Livingston* v. *Ralli,* 5 El. & Bl. 132.

But stipulating, at the time of entering into the contract, in which of several courts the suit shall be brought, either of which is open to the assured by law, does not deprive courts of their jurisdiction; but leaves the action to be tried by the same judges, and in the same forms of proceeding. It is only exercising in advance the privilege which the law gives to the plaintiff of electing in which of two or more counties he will sue. It no more limits the jurisdiction of the court, than the common conditions, requiring the certificate of a magistrate, or other formality, as a condition precedent to an action for the loss; and providing that any fraud or false swearing in the representation of a loss, or in the prosecution of a claim therefor should avoid the policy; all of which have been held valid. *Worsley* v. *Wood,* 6 T. R. 710. *Routledge* v. *Burrell,* 1 H. Bl. 254. *Levy* v. *Baillie,* 7 Bing. 349. *Wellcome* v. *People's Equitable Mutual Fire Ins Co.* 2 Gray, 480. *Moore* v. *Protection Ins. Co.* 29 Maine, 97 Hammond on Ins. 105–108. Ellis on Ins. 14. The validity of contracts of seamen not to sue except in the courts of their own country is recognized in *Thompson* v. *Ship Catharina,* 1 Pet. Adm. 105, and *The Jerusalem,* 2 Gallis. 198.

The stipulation is a condition, if such is the intent of the parties, though no words of condition are used. 4 Cruise Dig. tit. 32, *c.* 25, §§ 9, 10.

2. This stipulation is also valid as a by-law. A by-law, reasonable in itself and passed by a proper authority, differs only from other laws in the extent of its operation; and, within its scope, has the same effect. Spelman's Glossary, 79. Vin. Ab. By-laws, A. 2 Kyd on Corp. 95. Grant on Corp. 80. *Tucker* v. *The King,* 2 Bro. P. C. (2d ed.) 311. *Boston* v. *Shaw,* 1 Met. 135. It is reasonable, and indeed necessary to the proper management of the affairs of a mutual fire insurance company, that suits on its

policies should be brought in the county where its office and records are kept, and that the amount recovered should be assessed upon those members of the company who are liable to be assessed for this loss. It is therefore expressly within the power conferred on the defendants by statute. Rev. Sts. *c.* 37, §§ 8, 24; *c.* 41, §§ 1, 2. *St.* 1847, *c.* 1. The reasonableness and legality of such a stipulation are established by its insertion in the charters of many mutual fire insurance companies incorporated in this and other states; and by the decisions upon such charters. *Sts.* 1818, *c.* 89, § 5; 1822, *c.* 112, § 6; 1825, *c.* 141, § 7; 1826, *c.* 83, § 9; 1827, *c.* 60, § 7; 1834, *c.* 34, § 6. *Boynton* v. *Middlesex Mutual Fire Ins. Co.* 4 Met. 212. *Williams* v. *New England Mutual Fire Ins. Co.* 29 Maine, 465. *Dutton* v. *Vermont Mutual Fire Ins. Co.* 17 Verm. 369. *Nevins* v. *Rockingham Mutual Fire Ins. Co.* 5 Foster, 22. *Portage County Mutual Ins. Co.* v. *Stukey,* 18 Ohio, 455. When inserted in the charter of the company, it takes effect, not as a law, but as a contract between the assured and the company. *Williams* v. *Vermont Mutual Fire Ins. Co.* 20 Verm. 231. *Smith* v. *Atlantic Mutual Fire Ins. Co.* 12 Law Reporter, 410. Indeed, it could not take effect otherwise; for a special statute of limitations is unconstitutional, and not binding as a statute. *Holden* v. *James,* 11 Mass. 396.

A by-law need not contain all the exceptions of a statute of limitations, and those exceptions do not arise in this case. If good as a contract, it is immaterial whether it is also good as a by-law. Angell & Ames on Corp. § 342. *Davis* v. *Universalist Meeting-House in Lowell,* 8 Met. 321. A by-law, condition, or contract imposing particular restraints upon trade, either as to time or place, is valid. *Hunlocke* v. *Blacklowe,* 2 Saund. 156. *Gunmakers' Co.* v. *Fell,* Willes, 384. *Noble* v. *Bates,* 7 Cow. 307.

The plaintiffs, having voluntarily become members of the company, are estopped to deny the validity of this by-law. Grant on Corp. 78. *The King* v. *Clerk,* 1 Salk. 349.

METCALF, J. By the terms of the plaintiffs' policy, they were insured " subject to the provisions and conditions of the charter and by-laws " of the insurance company. Those provisions and conditions were therefore legally adopted and embodied as a

part of the contract, to the same effect as if they had been set forth at large in the policy. *Houghton* v. *Manufacturers' Mut. Fire Ins. Co.* 8 Met. 114. *Smith* v. *Bowditch Mutual Fire Ins. Co.* 6 Cush. 449. The eighteenth article of the defendants' by-laws provides that the assured, if he shall not acquiesce in the determination of the directors as to the extent of the loss claimed, may bring an action at law against the company, for the loss claimed, within four months after such determination, but not after that time, which action shall be brought in the county of Essex. In the present case, the directors made a determination, as to the extent of the plaintiffs' loss, on the 6th of October 1851, of which the plaintiffs had immediate notice, but with which they were not satisfied, as they informed the defendants by letter dated October 30th 1851; and they commenced this action more than four months after they had notice of the determination of the directors.

Since this case was argued, that part of the by-law, which requires that actions shall be brought in the county of Essex, has been adjudged to be of no legal validity. *Nute* v. *Hamilton Mutual Ins. Co. ante,* 174. The only question now is, whether the other part of the by-law is valid, which requires that an action shall be brought within four months after the directors' determination as to the extent of the plaintiffs' loss. And the court are of opinion that it is.

This question was argued and decided in the circuit court of the United States for the second circuit, at April term 1848, in the case of *Cray* v. *Hartford Fire Ins. Co.* 1 Blatchf. C. C. 280, and in the supreme court of New Brunswick, in Trinity term 1848, in the case of *Ketchum* v. *Protection Ins. Co.* 1 Allen, 136, 187. In these cases, the provision in the policies was thus: " No suit or action of any kind against said company, for the recovery of any claim upon, under or by virtue of this policy, shall be sustained in any court of law or chancery, unless said suit or action shall be commenced within the term of twelve months next after the cause of action shall accrue." In the first case, Mr. Justice Nelson said: " We have been referred to no statute, or principle of the common law, forbidding such a condition. Originally,

there was no limitation to actions. The act of 21 Jac. 1, the first general statute on the subject, provided that suits should be brought within six years after the cause of action had accrued, ' and not after.' But there is nothing in this act, forbidding a limitation short of this period, by stipulation of the parties. It only prohibits the suit after the six years." " We cannot doubt that, before the statute of 21 Jac. 1, it was competent for the parties, by a clause in their contract, to limit the time within which, in case of a breach, an action should be brought. As the period was then indefinite, there could be no limit, unless it was thus fixed. There is nothing in the act, necessarily or by fair construction, taking away this right."

In the same case, and also in the case before the court in New Brunswick, it was argued that this limitation in the contract was contrary to the policy of the law, and therefore not binding Both courts held otherwise. In the latter case, Chief Justice Chipman said : " This can never be sustained. There are many and good reasons, in cases of insurance against fire, why the assurers should introduce such a condition into their policies they are always liable to fraud being practised upon them and it is very often extremely difficult to detect the fraud, or to get evidence to substantiate it in a court of justice ; and the greater the lapse of time, the more difficult would that be." " We therefore think it a wise and provident precaution to take —such as the assurers are legally justified in—to limit, in the terms of their policies, the time within which actions shall be brought, as a necessary protection to themselves against fraud ; and they have as much right to make such a stipulation, as the terms upon which only they will take the risk, as they have to introduce any other condition ; for the contract is voluntary, and they have a clear right to stipulate their own terms." In the other case, Mr. Justice Nelson said : " The clause contemplates a loss about which a controversy may arise between the insured and the company, and in respect to which the right to indemnity may be denied. The object was, not to foreclose it and prevent a resort to the proper tribunal ; but to compel a speedy resort, and a termination of the controversy, while the facts were fresh

in the recollection of the parties and witnesses, and the proofs accessible.    While it is not perceived to be at all injurious to the rights of the insured, it is manifestly beneficial to the company, who stand on the defensive, and are obliged to await the movements of the adversary party."

In *Wilson* v. *Ætna Ins. Co.* 27 Verm. 99, the supreme court of Vermont held that a stipulation, in a policy of insurance against loss by fire, that no action thereon should be sustainable, unless commenced within twelve months after the loss, was binding, and barred an action commenced after that time, even though a prior suit had been commenced within the twelve months, and had failed without the plaintiffs' fault.    The chief question made in the case respected the effect of the failure of the first action.    Chief Justice Redfield said:  " No question seems to be made in the argument, that such contracts, in regard to the time within which the action shall be brought, are binding. Indeed, we do not well see how any could be made."   " It is well settled that the assured is bound to the strict truth of all representations; and the slightest breach of good faith or warranty in regard to the risk avoids the policy.   So too, in case of loss, the assured cannot recover, if he fail strictly to comply with all the conditions of his policy in regard to the time and mode of reporting his loss, or in procuring certificates of its being in good faith, or even its amount, where such conditions are made explicit prerequisites to the right of recovery.   We see no possible reason why this condition should not be equally binding."

A contrary decision was made by Mr. Justice McLean, in *French* v. *Lafayette Ins. Co.* 5 McLean, 461, after the cases in Blatchford and Allen had been decided.   But it is evident that the learned judge was not aware of either of them; and his reasoning does not conduct us to the conclusion at which he arrived.

These are all the cases, within our knowledge, in which the validity of a limitation, like that in the policy in this case, has been drawn into question.   The supreme court of Indiana, in *Grant* v. *Lexington Fire, Life & Marine Ins. Co.* 5 Ind. 26,

51*

decided that such a limitation could not avail the defendants, where the record clearly showed that the delay in bringing the action was " a result to which the insurance company mainly contributed, by holding out hopes of an amicable adjustment ; " that the company should not be permitted to take advantage of their own wrong. But no intimation was made that such a limitation, agreed on by the parties, was in itself invalid for any reason. See also *Williams* v. *Vermont Mutual Fire Ins. Co.* 20 Verm. 222.

Upon the first three foregoing decisions, and upon principle, (if the point had never been adjudged,) we are of opinion that this action, which was not commenced within the time limited by the policy, cannot be maintained. See *Nute* v. *Hamilton Mutual Ins. Co. ante,* 180 *& seq.*

We suppose that, in the cases to which we have referred, the defendants were stock companies. The defendants, in this case, are a mutual insurance company ; and there are reasons, peculiar to such companies, which render it exceedingly fit that they should limit the term of their liability to a shorter period than six years, and not be confined to the bar which is given by the statute of limitations. In one instance, at least, our legislature provided, in the charter of such a company, that, under circumstances like those in the present case, the insured should bring his action at the first court in the county of Middlesex, competent to try the same. And Shaw, C. J. said, there was much reason for this promptness ; that if the amount of the loss should be increased, by a judgment, beyond that which the directors had determined it to be, it might be assessed upon and borne by those then liable ; whereas, without such provision for a limitation of the action, it might be brought at any time within the statute of limitations, after great changes had taken place amongst the parties liable for the loss. *Boynton* v. *Middlesex Mutual Fire Ins. Co.* 4 Met. 212, 216. Another reason for such promptness, when not prescribed by statute, is found in the Rev. Sts. *c.* 37, § 38, which provide that every member of a mutual insurance company " shall, at the expiration of his policy, have a right to a share of the funds then remaining, after

all expenses and losses then incurred have been deducted, in proportion to the sums by him actually paid on account of said policy." It seems reasonable that a member, whose policy has expired, should not be obliged to wait six years for the company to ascertain the amount of the fund that remained when it expired, after deducting losses incurred while it was in force, if any legal measure could be adopted to shorten the time.   Since losses sustained by a mutual insurance company should be borne by those who are members when the losses occur, the reasons for limiting the time within which suits for losses shall be commenced is stronger than those which apply to stock companies.

It was argued for the plaintiffs, that a by-law void in part is wholly void, and therefore that the defendants' by-law, being void as to the place where they shall be called to answer to an action brought against them, is void as to the time within which it shall be brought.   But it is no more true of by-laws than of statutes and contracts, that if one part is void the whole is necessarily void.   If the part of a contract, statute or by-law, which is valid, can be separated from that which is void, and carried into effect, it may be done.   And the principles by which it is decided whether such separation can be legally made, in cases of contracts and statutes, are well established.   See *Rand* v. *Mather*, 11 Cush. 1; *Commonwealth* v. *Hitchings*, 5 Gray, 485, 486.   The same principles are applicable to a by-law.   Where a by-law is entire, each part having a general influence over the rest, if one part is void, the whole is void; but where a by-law consists of several distinct and independent parts, though one or more of them is void, the rest are valid.   And this rule is applicable to the different clauses of the same by-law; for where it consists of several particulars, it is, to all purposes, as several by-laws, though the provisions are thrown together under the form of one.   2 Kyd on Corp. 155.   Wilcock on Corp. 160–162.   *Gunmakers' Co.* v. *Fell*, Willes, 390.   *Rogers* v. *Jones*, 1 Wend. 260. In the present case, there is no difficulty, nor is there is any injustice to any party, in separating the place where, from the time when, actions shall be brought on policies issued by the

defendants. It is not to be forgotten, however, that we give effect to this by-law, as a contract between the parties, and not as having, *per se,* any binding effect on the plaintiffs.

*Judgment to be entered on the verdict.*

The plaintiffs then moved to set aside the verdict, and to amend their declaration by declaring for the amount ascertained and determined by the defendants' directors to be due to the plaintiffs. The question of the allowance of this amendment was argued and decided at September term 1857.

*Bacon & Foster,* for the plaintiffs. The limitation of time in the eighteenth by-law applies only to an action for the " loss claimed " by the assured, and not to an action for the amount which has been voted by the directors. The present declaration, verring a policy, loss, proof of loss, and failure to pay, is suffiaient; and is sustained by proof of a vote to pay a certain sum, and a failure to pay the sum voted. No amendment is therefore necessary. But if necessary, it should be allowed.

*F. H. Dewey,* for the defendants. The limitation of time in the eighteenth by-law, which has been held valid by the court, applies to any action for " the loss," whether it be for the amount claimed by the assured, or for the amount determined by the directors. The loss is the same, whatever the amount may be. The defendants are therefore entitled to judgment on their verdict.

BIGELOW, J. By the eighteenth article of the defendants' by-laws a marked distinction is made between the " amount claimed " by the assured in case of loss, and the " amount determined " by the defendants to be due for such loss. It is with special reference to this distinction that the limitation, fixing the time within which an action may be brought by the plaintiffs, is framed. It is, in terms, confined to the loss " claimed " by the assured, leaving the plaintiffs' remedy to recover the amount " determined " by the defendants, subject to no limitation other than that fixed by law. We think there was sufficient ground for making such a distinction. So far as the claim for insurance was disputed, and might be a subject of litigation between the

parties, the defendants might well provide in their by-laws that an action should be speedily brought, so that the extent of their liability might be settled, when the facts were recent, and the witnesses by whom they were to be proved were readily accessible. But there would be no such reason for a limitation of the time within which a suit should be brought, where the plaintiffs claimed to recover only that amount of loss, under the policy, which was admitted by the defendants and determined by them to be justly due.

We think, therefore, that the right of the plaintiffs to recover, on amending the writ, and declaring for the amount ascertained and determined by the defendants to be due to them for the loss under the policy, will not be subject to the bar created by the by-law to the entire claim, as originally set out in the declaration.

*Amendment allowed.*

The plaintiffs filed an amendment accordingly. The defendants then moved for leave to amend their answer, by averring that they gave the plaintiffs notice of the determination by the directors of the amount of the loss, and the plaintiffs refused to acquiesce in the amount so determined, and the defendants refused to increase it; and so the attempts of the defendants, by virtue of said by-law, to adjust the controversy between the parties, became wholly nugatory, and of no binding force, and said action of the directors gave the plaintiffs no right which did not exist under the policy; and, not being accepted by the plaintiffs, constituted no contract, and gave no right of action; but were, at most, only admissible in evidence, upon the trial of an action brought because the plaintiffs were dissatisfied with said determination; and that said action, not having been brought within four months after such determination, could not be maintained; and the defendants did not owe the plaintiffs the amount claimed, nor any amount. The arguments and decision upon this motion were made at October term 1858.

*Lord,* for the defendants. The action of the directors has no force until acquiesced in by the assured. The defendants offered to adjust and compromise the claim, and the plaintiffs

refused to accept the offer, and so the minds of the parties had not met when this suit was commenced. The plaintiffs' only remedy, if they do not acquiesce in the determination of the directors, is by an action for the loss claimed, which must be brought within four months. And the plaintiffs, after having elected to claim the whole, and failed to recover, cannot say that the defendants are bound to give them the part which they refused. The plaintiffs having been obliged to amend their declaration, the defendants should be permitted to answer it, as amended.

*Bacon & Foster*, for the plaintiffs.

BY THE COURT. The original answer admitted that the loss amounted to the sum determined by the directors, and only put in issue the question whether more was due. In ordering a verdict for the defendants in the matter in dispute, the attention of the court was not drawn to the fact of the amount admitted. If it had been, a verdict would have been ordered for the plaintiffs for that sum. This case is not so much like an offer of compromise to avoid controversy, and not accepted, as it is like an admission of liability for part of the amount sued for, with a payment of that part into court, and a denial of the rest; the first part is admitted to be due, when the plaintiff chooses to ask for it, and is no longer in controversy. The plaintiffs were obliged to amend their declaration, it is true; but that does not entitle the defendants to file a new answer, traversing the whole claim.

*Judgment for the plaintiffs for* $1,667.42.

NOTE. By *St.* 1856, *c.* 252, § 9, it is provided " that it shall not be lawful for any insurance company incorporated in this commonwealth, by any condition, stipulation or restriction in the policy or by-laws, to designate the county in which any suit at law or in equity shall be brought against said company, or limit the time of commencing such suit to a less period than two years from the time the right of said suit or action shall accrue."