7L 419|
9ap346|

ALBERT T. DUNHAM, Ex'r, &c., v. ALBERT G. SAGE.

(RENSSELAER COUNTY SPECIAL TERM, JUNE, 1871.)

Under section 101 of the Code, before 1870, when the exception for the benefit of married women was stricken out by amendment, their disability under the statute of limitations was not continued after death in behalf of their estates.

Upon a married woman's decease, as the statute stood when that amendment was made, her representatives had the usual time from the accruing of a debt in her favor, and an additional one year, allowed by the last clause of section 101, in which to bring an action.

The failure of an appointment of executors upon an estate does not save the running of the statute of limitations.

ACTION to compel specific performance of a parol agreement, and to recover an amount awarded by arbitrators.

*John H. Reynolds,* for the plaintiff.

*W. A. Beach,* for the defendant.

INGALLS, J. Upon the argument of this cause the respective counsel conceded the validity of the award, and that it embraced the entire cause of action contained in the complaint. The defendant's counsel insists that the plaintiff's cause of action is barred by the statute of limitations. This, therefore, presents the only question to be determined. The award was made on the 31st day of August, 1857. Mrs. Dunham, to whom the $2,000 was made payable by the terms of the award, died on the 4th day of February, 1862. Letters testamentary upon her will were issued to the plaintiff on the 6th day of February, 1867. This action was commenced on the 18th day of February, 1867. Mrs. Dunham was the wife of the plaintiff when the award was made, and so continued until her death. The present section 101 of the Code, from the time of its adoption in 1848, as section eighty-one, up to May 6th, 1870, when it was amended by striking out the words "*four, or a married woman*" contained the last mentioned words, which created a disability

Dunham *v.* Sage.

and prevented a cause of action possessed by a married woman from becoming barred by the statute of limitations. By an amendment of said section in 1851, such disability was reduced to a period of five years. The amendments took effect from the time they were adopted. (*Ely* v. *Holton*, 18 N. Y., 596.) When the amendment of 1870 was made, this action was not only commenced, but partly tried. Upon the facts of this case, with the law applicable thereto, I am convinced that the cause of action has become barred by the statute of limitations. A right of action accrued to Mrs. Dunham on the 31st day of August, 1857, the date of the award, which she was at liberty to assert if she chose, but not compelled to during coverture, provided that did not continue beyond five years. By her death the disability ceased, and her representative had from that period until the expiration of seven years from the date of the award to commence an action, which embraced the ordinary limitation of six years, and one year created by the last clause of section 101 of the Code. The said section provides as follows: " The time of such disability is not a part of the time limited for the commencment of the action ; except that the period within which the action must be brought cannot be extended more than five years by any such disability, except infancy ; *nor can it be so extended in any case longer than one year after such disability ceases.*" It may be said, that by such construction no advantage is gained in consequence of the disability provided by the statute. So it seems under the circumstances of this particular case. A state of facts can readily be conceived, by which the limitation, but for the amendment of 1870 striking out " 4. Or a married woman," would be extended eleven years. I am unable to give this statute any other construction and give effect to the last clause of said section 101. I do not think the fact that no executor was appointed until 1867, prevents the cause of action from becoming barred by said statute. Section 102 of the Code provides as follows: " If a person entitled to bring an action die before the expiration of the time limited for the com

mencement thereof, and the cause of action survive, an action may be commenced by his representatives after the expira‐ tion of that time, *and within one year of his death.*" This statute applies directly to the case under consideration, and it became the duty of those who were interested in the cause of action to see that her will was proved and letters tes‐ tamentary issued within the year. The case of *Bucklin* v. *Ford* (5 Barb., 394) is, in my judgment, clearly distinguisha‐ ble from this case. In that case the cause of action accrued after the death of the intestate, and this distinction is recog‐ nized by the learned judge in his opinion. The letter addressed by the defendant to Mrs. Dunham, and which is in evidence, does not contain such an acknowledgment of indebtedness, or promise to pay, as can have the effect to revive or continue the cause of action, and thereby prevent the statute of limitations from barring a recovery. The defendant must have judgment.

NOTE.—See this decision reversed (2 Lans., 451), but see also its affirmance in the Court of Appeals.