JAMES J. QUINN, Plaintiff, v. THE ROYAL INSURANCE COMPANY of Liverpool, Defendant.

*Fire insurance policy — limitation of the time of beginning an action thereon, imposed by it — section 399 of the Code of Civil Procedure not applicable to such a case — service of the summons on a clerk in the insurance department.*

Upon the trial of an action brought upon a standard fire insurance policy, it appeared that the policy contained a clause as follows: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity * * * unless commenced within twelve months next after the fire."

The fire in question occurred January 16, 1892. The summons in the action was sent by mail to the sheriff of Albany county on January 14, 1893, with directions from the plaintiff's attorney to serve the summons personally on the Superintendent of Insurance. The Superintendent of Insurance was not in Albany at the time, and the sheriff, being in doubt as to the validity of a service thereof upon the deputy superintendent, waited until the return of the Superintendent, which was on January 17, 1893, and on that day served the summons personally upon him.

*Held*, that the action could not be maintained, as it was commenced more than twelve months after the fire.

The Insurance Law of the State requires the Superintendent of Insurance to appoint a deputy, upon whom, in his absence, the powers and duties of the office devolve.

*Held*, that the service of a summons and complaint, in an action against a fire insurance company, required by law to designate the person upon whom process could be served, upon the deputy at the office of the Superintendent of Insurance would be good, although it be not shown that the Superintendent had specifically designated any person upon whom such service could be made.

Section 399 of the Code of Civil Procedure applies only to the provisions of the Code of Civil Procedure fixing the time within which actions may be commenced, and it does not apply to a case where the limitation is not one specifically provided for by that Code.

MOTION by the plaintiff, James J. Quinn, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the dismissal of the complaint, directed by the court after a trial before the court and a jury at the Monroe Circuit on the 3d day of January, 1894.

*H. G. Pierce,* for the plaintiff.

*William F. Cogswell,* for the defendant.

LEWIS, J.:

This action was brought upon a fire insurance policy known as the standard fire insurance policy of the State of New York. It contained the following clause: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity * * * unless commenced within twelve months next after the fire."

The fire occurred on the 16th day of January, 1892. The summons in the action was sent by mail to the sheriff of Albany county on the 14th day of January, 1893, with directions from the plaintiff's attorney to serve the same personally on the Superintendent of Insurance.

This official was not in Albany at the time, and the sheriff, being in doubt as to the validity of a service on the deputy superintendent, waited until the return of the Superintendent, which was on the seventeenth of said month, and on that day he served the summons personally on the Superintendent. This was the only service of the summons in the action.

The defendant interposed the defense that the action was not commenced within the year limit provided for in the policy. The complaint was dismissed at the trial upon that ground, with direction that the case be heard at the General Term in the first instance.

The principal question presented is, can the action be deemed as having been commenced within the year limit? The answer to this

question depends upon whether the plaintiff is entitled to the benefit of the provision of section 399 of the Code of Civil Procedure, which is as follows : " An attempt to commence an action in a court of record is equivalent to the commencement thereof against each defendant within the meaning of each provision of this act which limits the time for commencing an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff," etc.

If this section applies to a case where the limitation is one not specifically provided for by the Code the plaintiff is right in his contention. If the words of section 399 be taken literally and strictly they are restricted to the provisions of the Code fixing the time within which actions may be commenced.

There is nothing, however, in the Code expressly providing that a limitation fixed by agreement of parties shall not have the benefit of the section referred to.

It is argued by the defendant's counsel that *Wilkinson* v. *First Nat. Fire Ins. Co.* (72 N. Y. 499) is an authority for this contention. That was an action upon a fire policy containing a like limitation clause. The action was commenced two years and nine months after the fire. The plaintiff relied upon an order of the court which restrained him from receiving and the insurance company from paying the loss and damage as staying the running of the statute.

The court held that the order did not restrain the commencement of the action ; that it simply restrained the plaintiff from receiving and the company from paying the money ; that notwithstanding the order he was at liberty at any time to commence his action. In commenting on the provisions of the statute saving the rights of parties in cases where they are stayed by injunction Judge ANDREWS says : " The Revised Statutes contained a provision saving the rights of parties stayed by injunction (2 R. S. 299, § 36) which is now section 105 of the Code (406 of the Code of Civil Procedure). This provision does not aid the plaintiff. The exception has no application where a limitation is prescribed by the contract of parties, but only applies to cases governed by the limitation in the general law.

" This is sufficiently clear from a reading of the section, but the question has been adjudicated in a case arising under a contract similar to the one in question. (*Riddlesbarger* v. *Hartford Ins. Co.*, 7 Wall. 386.)"

While, as claimed by the plaintiff, this precise question was not involved in the case in 72 N. Y. (*supra*), it was involved in the case referred to with approval by Judge ANDREWS in Wallace.

*Proska* v. *McCormick* (56 Iowa, 318) is an authority supporting the defendant's contention. Unless this case can be distinguished from the cases referred to the question must be deemed as settled against the plaintiff's contention.

The limitation provided in this policy, with some propriety, may be claimed not to be a matter of contract alone.

The limitation was one prescribed by the Legislature, or rather prescribed under and in pursuance of legislative authority, and it was not within the power of the defendant company to fix a shorter limitation and bind the insurer thereby. Such a limitation would not only be a nullity, but would subject the company or its officers and agents to punishment as for a misdemeanor.

Chapter 488 of the Laws of 1886, as amended by chapter 690 of the Laws of 1892, section 121, provides for a uniform contract or policy of fire insurance to be made and issued in this State by all insurance companies taking fire risks on property within this State. The form of this policy was one adopted pursuant to law. It may be found in Richards on Insurance, pages 584–588.

The clause in question was, therefore, inserted here in obedience to the direction of an act of the Legislature; a shorter period for commencing the action, as stated, could not have been lawfully inserted. It cannot, therefore, with propriety, be claimed that the limitation was a matter of contract alone.

*Hill* v. *Supervisors* (119 N. Y. 344, affg. 53 Hun, 194) is an authority against the plaintiff's contention. That was an action to recover compensation for property destroyed in consequence of a mob or riot.

By the 5th section of the act (Chap. 428, Laws of 1855) it is provided that no action shall be maintained under the provisions of this act unless the same shall be brought within three months after the loss or injury. The action was originally brought in the County

Court within the three months' limit, but the complaint was dismissed in that court for want of jurisdiction, the amount claimed exceeding $1,000.

Thereafter an action was commenced in the Supreme Court, but after the lapse of the statutory period.

It was held that the action was not maintainable; that as it was brought under a special law and maintainable solely by its authority the limitation was so incorporated with the remedy given as to make it an integral part of it and was a condition precedent to the maintenance of the action at all, and that the provisions of the Code of Civil Procedure (§ 405), providing that when an action is commenced within the time limited and is terminated in any other manner than by a voluntary discontinuance, dismissal for neglect to proceed, or a final judgment on the merits, the plaintiff may commence a new action for the same cause within one year after such termination, do not apply.

Judge GRAY in his opinion says: "Section 405 was enacted with reference to the enforcement of the civil remedies prescribed by the Code, and its application is to actions generally and which the Code of Civil Procedure was enacted to regulate. But this special law of 1855 gave a civil remedy, which is independent of the Code remedies, and in enacting section 414 the Legislature obviously had in view to except those particular or special remedies by action which they had the power to allow, and to leave themselves free to attach such conditions as to limitation of time as they saw fit."

Our attention is called by the plaintiff's counsel to the language of LEARNED, P. J., in *Hammond* v. *Shephard* (50 Hun, 323).

The question in that case arose under the Mechanics' Lien Law (Chap. 342, Laws of 1885), which provides that a lien shall not bind longer than a year after the filing of the notice unless within that time an action is commenced to enforce the same. Section 8 of the act provides that the manner and form of instituting and prosecuting such an action shall be the same as in actions for the foreclosure of mortgages upon real estate. Judge LEARNED, in commenting upon the clause providing that the action shall be instituted and prosecuted the same as in foreclosure of mortgages, says: "The time of limitation is different, but the mode of commencing in respect to the limitation is the same in these actions as in those.

" It would, I think, be unreasonable to hold that the general rules which govern all other actions do not govern these.

" Unless positively forbidden we ought to apply the same uniform system to all actions, these included. There is no reason for any distinction and I think none was intended."

The case in 119 N. Y. (*supra*) would seem to be decisive of the question against the plaintiff.

If the plaintiff is not entitled to the benefit of the provisions of section 399, is the defendant company estopped from claiming that the summons was not served within the year, because of the absence of the Superintendent from the city of Albany, his official residence, at the time the summons was received by the sheriff for service ? The Insurance Law required the defendant to designate the Superintendent of Insurance as a person upon whom process could be served. Section 5 of the Insurance Law provides that the Superintendent of Insurance shall appoint one or more clerks to discharge such duties as he shall prescribe, and that he shall appoint one or more of such clerks to be deputies, and that in case of the absence of the Superintendent, or his inability from any cause to discharge the powers and duties of his office, the powers and duties of his office shall devolve upon his first deputy.

It was held in the case of *The South Publishing Co.* v. *Fire Ins. Assn. of Philadelphia* (51 N. Y. St. Repr. 29 ; 67 Hun 41), which was affirmed by the Court of Appeals, that the Superintendent of Insurance, when designated, is as a public officer and not as an individual ; that service of a summons on a clerk in the Superintendent's office, who had been designated for that purpose, was equivalent to service on the Superintendent personally.

It does not appear from the record in this case that the Superintendent had specifically designated any such person at the time this summons was received for service, but as the law required that he should appoint a deputy, upon whom, in his absence, the powers and duties of the office should devolve, the service of the summons in this case upon such deputy would, we think, have been good, and if so, we are not at liberty to hold that the defendant was at fault in not having a person in Albany upon whom a service could be made.

We see no means of escape from the conclusion, in view of the

authorities referred to, that the trial court was right in dismissing the plaintiff's complaint.

The motion for a new trial should be denied and judgment for the defendant ordered dismissing plaintiff's complaint.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Plaintiff's motion for a new trial denied, with costs, and judgment directed for the defendant on the nonsuit.