GREEN, J.
(concurring). The insured died December 2, 1891. The fire occurred April 20, 1892. The Avill Avas contested and Avas admitted to probate in May, 1894, and letters testamentary Avere thereupon issued to the plaintiff. Proofs of loss Avere sent to the company before the expiration of 60 days from issuing of letters, but were not returned, and no attention was paid to the matter. (N ot stated that even any notice of loss Avas ever sent.) Action Avas brought October 29, 1894. The policy provides that no action shall be sustainable “ until full compliance by the insured Avith all the foregoing requirements, nor unless commenced Avithin twelve months next after the fire.” The “ foregoing requirements ” are the usual conditions in fire insurance policies, proAdcling for giving notice of the fire, making inArentory, and Avithin 60 days after the fire furnishing proofs of loss, etc. And then “ the loss shall not become payable until 60 days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company,” etc. This action avrs commenced AAÚthin CO days after furnishing proofs of loss. More than tAVO years had elapsed since the fire before *719 proofs of loss were furnished. Plaintiff’s excuse is that letters testamentary were not issued, and could not have been issued, to him, as the executor designated in the will, until the contest was determined and the will admitted to probate; and his demand is that the court shall ingraft in the policy a provision that in case of the death of the insured proofs of loss may be furnished within 60 days after the issuing of letters testamentary. The contract speaks for itself, and it is not within the power of the court to change, enlarge, modify, or qualify its terms, or to import into it provisions, conditions, or exceptions which the parties have not seen fit to make. The death of the insured was an event certain to happen, although uncertain as to the time of its occurrence, and yet the par-ties have omitted to provide for it. The court is asked to supply the omission so as to extend the time for furnishing proofs of loss from 60 days to 2 years. This provision the insured failed to exact from the company, and the company has not consented to make' this stipulation. Upon what principle, therefore, may the court proceed in disregarding the express terms of the contract, waive the requirement that the proofs of loss shall be furnished within 60 days after the fire, and hold that the company must accept the proofs if furnished within 60 days after issuing of the letters, though 2 years may have elapsed since the fire occurred ? Counsel has failed to point out any principle of law or doctrine of equity sanctioning such a power, or any authority. Uor was there any legal excuse for omitting to furnish the proofs, for, although an executor may not maintain an action before letters issued, yet he derives his title from the Avill, and not from the letters, and he is empowered to do everything and anything for thé preservation and protection of the estate before letters are issued. Code, § 2659; Bedf. Sur. (5th ed.) 108-110, 432, 453-455. He possessed the poAArer, and, if he intended to accept the trust and qualify, it AA-as his duty to have proceeded to furnish the proofs of loss, so as to preserve and protect the estate and the interests óf creditors, legatees, and all others Avhom he represented. Consequently there Avas no legal excuse for the omission to comply Avitli this condition. So he might have obtained letters of temporary administration. Code, § 2670. It is suggested that the surrogate might refuse to exercise his discretion to appoint a temporary administrator. The answer is that it is a fair presumption that the surrogate Avould not fail to do any act that is shoAvn to be necessary for "the protection of the estate.
Again, it Avould seem that the devisee of the land, being the real party in interest,—and if there is no deficiency of personal assets for satisfaction of creditors, the sole party in interest,— Avould have the right to furnish proofs of loss, and the company Avould be bound to accept them. If the personal assets are ample for payment of debts, the heir or deidsee is entitled to the proceeds of the insurance policy. If insufficient, then *720 he would be entitled to the surplus, if any, remaining after payment of the debts. It was held in Wyman v. Wyman, 26 N. Y. 253, modifying 36 Barb. 368, that the insurance moneys belong to the heir or devisee, subject to the claims of creditors upon a deficiency of assets, and also to dower; that it is real assets, and not personal; that the executor, etc., may sue upon the policy, by virtue of its terms, where it is payable to executor, administrator, and assigns; he may sue as the “ trustee of an express trust,” although he may not be entitled to hold the money as against the heir or devisee; if it is required to pay creditors, and there is a surplus, the heir is entitled to it. Not decided whether heir or devisee, as the real party, and perhaps the only party, in interest, could sue upon the policy. It seems not. Approved in Herkimer v. Rice, 27 N. Y. 163, 180; approved also in Culbertson v. Cox, 29 Minn. 309 ; 13 N. W. 177. It seems that payment to the heir would not protect the company against the claim of creditors. Lappin v. Insurance Co., 58 Barb. 325. Lawrence v. Insurance Co., 2 App. Div. 267, 37 N. Y. Supp. 811, simply held that action may be brought by personal representatives. It was decided in Nichols v. Day (Pa. Sup.), 18 Atl. 333, that where the estate is insolvent the proceeds of the policy are applicable to the payment of debts, and do not go to the heirs. If the personal assets are sufficient for the payment of the debts, and the heir or devisee is entitled to the proceeds of the policy, the executor would receive the moneys as trustee for the heir or devisee alone. If the personal estate is insufficient for the payment of the debts, the executor would be trustee of the surplus. In either case the heir or devisee would have a beneficial interest, and it was his duty, if he desired to protect his interests, to furnish the proofs of loss himself, or to take steps to obtain the appointment of a temporary administrator to perform that duty. It does not appear that the policy was unknown to the plaintiff or to the devisee at the time of the fire, or within the 60 days thereafter; and, since the insured had been dead four months prior to the fire, it may be assumed that the fact was discovered. Here, then, were "laches both on the part of the plaintiff and the devisee, and no legal excuse, appears. Hnder such circumstances ■ the obligation, or liability of the company cánnot be enlarged or extended for the benefit of persons who have slept upon their rights. The executor appointed by the will, and the devisee, the owner of the building, cannot sit idly by for two years, and then be allowed by the law (although not by the contract) to furnish the proofs as a full compliance with the condition that they must be furnished within 60 days after the fire. There was negligence on the part of the owner of the building, who was the owner of the proceeds of the policy^ subject to the claims of creditors, and also laches on the part of the person authorized to receive the money for his use. The insurer cannot be charged with responsibility for their omissions. If the proofs had been furnished the company *721 might have elected to rebuild. Sherwood v. Insurance Co., 10 Ilun, 593; Id., 73 N. Y. 447; Wheeler v. Insurance Co., 16 Hun, 317. In the case of Gamble v. Assurance Co., Ir. R. 4 C. L. 204, 2 Biglow, Cas. 681, it was provided by the policy that notice of accident should be delivered at the office of the company, in London, within seven days after its occurrence; but owing to the sudden character of the accident, and its resulting in instantaneous death, there was nobody capable of giving the requisite notice. Held, that the provision is not discharged by reason of the fact that, owing to the act of God, the case was of so sudden and fatal a character that it was impossible to have given the requisite notice within seven days after the accident. This is an extreme case, it must be admitted. It was distinguished in Trippe v. Society, 3 Mise. Rep. 445, 52 S. R. 322. Other cases cited post also support, in their reasoning and conclusions, the foregoing rule of law.
Contention is made by plaintiff’s counsel that he is entitled to the benefit of any provisions or exceptions contained in the statute of limitations, and that the running of the statute is. suspended until letters testamentary are issued, and the executor is thereby empowered to bring suit. Let us assume for the purpose of argument that the proofs were furnished in time, and that the executor was in a possition to maintain an action, and that he may invoke in his behalf the exceptions and provisions (except as to limit of time) contained in the statute. How, we are unable to perceive any express provision of the Code that would relieve the plaintiff in such a case as this. Where the cause of action accrues during the lifetime of a party, and he dies before the expiration of the time limited for the commencement of the action, his personal representative may institute an action after the expiration of such time and within one year after his death. Code Civ. Proc. § 402. Cf course, this section has no application, and does not aid the plaintiff. The failure of an appointment o.f executors does not save the running of the statute. Dunham v. Sage, 7 Lans. 419. Section 396 provides for cases of disability. By section 392 it is provided that for the purpose of computing the time within which an action must be brought by an executor, etc., to recover personal property taken after the death of a testator, etc., and before the issuing of letters testamentary, etc., or for damages for converting or injuring such property within the same period, the letters are deemed to have been issued within six years after the death of the testator or intestate. In Tliroop’s note it is stated that this section is new; that “ as an action cannot be maintained until there is a person in being, capable of suing, it has been frequently held that in the cases contemplated in this section the statute of limitations commences to run only from the grant of letters; ” citing Bucldin v. Ford, 5 Barb. 393, where an action brought 14 years after the transaction was sustained. “ Other cases are known to have occurred where actions have been maintained upon the *722 same principle, although commenced forty or fifty years after the transaction, and under circumstances of great hardship/’ etc. At first blush it would seem that as to all other cases,, where the cause of action accrued after the death of the party, there would be no suspension of the statute until grant of letters testamentary or of administration. When the statute makes an exceptional provision for a special class of actions, it would seem to be a fair inference that all other actions were, left to be governed by the general rules of limitation. However that may be, a different interpretation and effect have been given to this section, and it has been held, on the authority of decisions prior to the Code, that in respect to cases not within section 392 the statute is suspended until the appointment of an administrator, although 22 years had elapsed since the death of plaintiff’s intestate. Colien v. Hymes, 64. Hun, 54,. 45 S. R. 821. The doctrine is that the statute does not begin to run against an action which accrued in favor of the estate of a deceased person, after his death, until there is some person in existence capable of suing, or at least some person to whom the right of action may accrue; that “ until a representative is appointed the cause of action does not accrue, or in fact exist.” Bucklin v. Ford, 5 Barb. 393 ; Everitt v. Everitt, 41 Barb. 385, 393 ; Dunning v. Bank, 6 Lans. 297 ; 61 N. Y. 497, 503 ; Dunham v. Sage, 7 Lans. 419, 421; Sanford v. Sanford, 62 N. Y. 553, 555. To apply this doctrine to a conventional limitation prescribed in a policy of insurance, the company might be called upon to pay many years after the fire occurred. And to give-the plaintiff here, or the devisee and owner of the property, the. benefit of this rule of law, would contravene the express language of the contract, and annul the rule prescribed by the agreement of the parties. Since the contract itself fails to-provide for a particular contingency or event, the provisions of the statute cannot be ingrafted upon it as one of its terms. It has been repeatedly adjudicated that, where a limitation of time is fixed by agreement of the parties, the terms in which the agreement is expressed cannot be enlarged or extended, qualified or controlled, by the provisions of the statute of limitations. Wilkinson v. Insurance Co., 72 N. Y. 499, 503, 504; Quinn v. Insurance Co., 81 Hun, 207; 30 N. Y. Supp. 714; Riddlesbarger v. Insurance Co., 7 Wall. 386 ; Wheeler v. Insurance Co., 82 N. Y. 543 ; Brown v. Insurance Co., 7 R. I. 301; Wilson v. Insurance Co., 27 Vt. 99; McElroy v. Insurance Co., 48 Kan. 200 ; 29 Pac. 478 (the court quoted Wilkinson v. Insurance Co., 72 N. Y. 499 ; Arthur v. Insurance Co., 78 N. Y. 462 ; Wilson v. Insurance Co., 27 Vt. 99 ; Brown v. Insurance Co., 7 R. I. 301); Arthur v. Insurance Co., 78 N. Y. 462; Harrison v. Insurance Co., 67 Fed. 298 (the court followed Riddlesbarger v. Insurance Co., 7 Wall. 386; O’Laughlin v. Insurance 11 Fed. 280,—that “the contract clause is to be substituted, not only for the general statute of limitations, but as well for the exceptions thereto ” ) ; Insurance Co. v. Stoffels, *723 48 Kan. 205 ; 29 Pac. 479 ; Hocking v. Insurance Co., 130 Pa. St. 170 ; 18 Atl. 614 (in this case the court went beyond the mere words of the policy, and quoted with approval Wilson v. Insurance Co., 27 Vt. 99; Riddlesbarger v. Insurance Co., 7 Wall. 386; Wilkinson v. Insurance Co., 72 N. Y. 499; Arthur v. Insurance Co., 78 N. Y. 462,—that the statutory provisions are not applicable to conventional limitations); Suggs v. Insurance Co., 71 Tex. 579; 9 S. W. 676. The case of O’Laughlin v. Insurance Co., 11 Fed. 280, is similar to the last above case, and was followed in the decision of that case. The authorities are all against the contention made by plaintiff’s counsel, and further discussion is useless.
Defendant’s exceptions sustained and complaint dismissed, with costs.