GEORGE L. FULLAM vs. NEW YORK UNION INSURANCE COM-
PANY.

A condition of insurance, to which a stock policy is made subject, that no suit in law or
equity shall be sustained thereon, unless commenced within six months after the loss,
is binding on the assured, and bars a suit commenced after that time; although neither
the contract is made nor the suit brought in the State where the company is established,
and the conditions of insurance allow the assured thirty days to furnish proofs of loss,
and provide that the loss shall not be payable until ninety days after the filing of the
proofs of loss, and of an estimate thereof by appraisers chosen by the parties; if there
is no evidence of unreasonable delay or waiver of the condition by the insurers.

ACTION OF CONTRACT on a stock policy against loss by fire,
issued in New Hampshire by an insurance company incorporated
by the laws of New York.

Upon the face of the policy was printed this clause : " It is
also agreed that this policy is made and accepted, subject to
and in reference to the terms and conditions hereto annexed, as
forming part of this policy, which are to be used or resorted to,
to explain or ascertain the rights and obligations of the parties
hereto in all cases not herein otherwise provided for."

The ninth of the " terms and conditions of insurance," an-
nexed to the policy, provides that in case of loss, the assured
shall forthwith give notice thereof to the company, and within
thirty days after the loss deliver a particular statement thereof,
under oath, with a magistrate's certificate ; and further provides
as follows : " The damage shall then be ascertained by the
examination and appraisal of each article by two disinterested
appraisers, one chosen by the company, and one by the insured,
and in case of their disagreement as to the amount of damage
upon any article, they shall nominate a third person to act as
umpire between them ; and the award in writing, under the hand
of such appraisers, or any two of them, shall be binding and
conclusive, as to the amount of damage, upon both parties to
this policy ; and if this company or their agent shall require
such an examination or appraisement, it shall be so submitted,
otherwise this company will not be liable for any loss or damage
under this policy ; and upon the neglect or refusal of the assured

to nominate an appraiser and submit thereto, in accordance with the conditions of this article of agreement, then all claim or claims for loss or damage, by virtue of this policy, to cease and be of no force or effect. Such appraisal shall fix the amount of damage caused by the fire, but shall not affect the rights or privileges of the parties hereto in any other respect. Losses shall be payable at the secretary's office in ninety days after such examinations, investigations, appraisals and due proofs of loss, amended and completed, shall have been filed in said office, in compliance with these terms and conditions of insurance; and also that this company or their agent have the right to examine and take account of the property saved, and that every facility be given to enable them to do so, otherwise this policy shall be void. The expense of ascertaining and proving any loss which may occur, and also of forwarding such proofs to the office of the company, shall be paid by the party insured."

The twelfth of the terms and conditions of insurance is thus: " It is furthermore hereby expressly provided, that no suit or action of any kind, against said company, for the recovery of any claim upon, under or by virtue of this policy, shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within the term of six months next after any loss or damage shall occur; and in case any such suit or action shall be commenced against said company after the expiration of six months next after such loss or damage shall have occurred, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim thereby so attempted to be enforced."

The property insured was destroyed by fire on the night of the 21st of July 1853; notice thereof was duly given, and a sworn statement was filed with the defendants on the 17th of August 1853; and this action was commenced on the 10th of August 1854. The question whether it was brought in time was submitted to the decision of the court upon the case above stated.

*B. F. Butler,* for the plaintiff. The limitation expressed in the twelfth condition of insurance is void, because it is in re-

straint of right, contrary to public policy and unreasonable, and undertakes to make the lapse of six months from the time of the loss conclusive proof of the invalidity of the claim. By the ninth condition, the assured is allowed one month to furnish proofs of loss, and the loss is not payable until three months after the " examinations, investigations, appraisals and due proofs of loss, amended and completed, shall have been filed in said office ; " the defendants, therefore, by delaying the examination and appraisal for more than two months after the loss, may entirely defeat the plaintiff's right to recover. The case of *Amesbury* v. *Bowditch Mutual Fire Ins. Co.* 6 Gray, 596, went no further than to hold that a by-law of a mutual insurance company, imposing a reasonable limitation, was valid. And these defendants, being a foreign insurance company, should not be allowed to set up this limitation in defence of an action here on a policy not made in their own state.

*G. T. Davis & C. Allen,* for the defendants.

METCALF, J. It is now well settled, that the parties to a contract of insurance may, by express stipulation, limit the time, within which an action must be brought thereon, to a shorter period than that prescribed by the general statute of limitations. As such a provision takes effect as a contract between the parties, it is equally binding whether the insurers are a stock company or a mutual insurance company, established by the laws of this commonwealth or of any other state. *Cray* v. *Hartford Fire Ins. Co.* 1 Blatchf. C. C. 280. *Ketchum* v. *Protection Ins. Co.* 1 Allen, (N. B.) 136. *Wilson* v. *Ætna Ins. Co.* 27 Verm. 99. *Amesbury* v. *Bowditch Mutual Fire Ins. Co.* 6 Gray, 596.

There is no such unreasonableness in the provisions of this policy as to require or authorize the court to relieve the plaintiff from his own express contract, in the absence of any evidence of bad faith or unreasonable delay on the part of the defendants. If the defendants had prevented this stipulation from being carried into effect, or had induced the plaintiff to believe that they did not intend to rely upon it, the case might be different. *Grant* v. *Lexington Fire, Life & Marine Ins. Co.* 5 Ind. 26. *Ames* v. *New York Union Ins. Co.* 4 Kernan, 264.

*Judgment for the defendants.*