36b 368
9ap344
9ap360

ANN MARIA WYMAN, adm'x &c., *vs*. DAVID B. PROSSER
and others.

Policies of insurance are not deemed, in their nature, incidents to the property
insured; and do not cover any interest which a person other than the in-
sured may have in the property, as heir, grantee, mortgagee or creditor,
unless there be a valid assignment of the policy.

The contract of insurance, being a mere personal contract, in no way attached
to or running with the real property insured, it does not pass with it, either
to a grantee or an heir. The executor or administrator is the only one who
can take the contract, and enforce it.

APPEAL from a judgment ordered at a special term, after
a trial at the circuit, before a justice of the court with-
out a jury.  The action was brought by the plaintiff, as ad-
ministratrix of John R. Wyman, deceased, to recover certain
insurance moneys which had been paid over to the defendant
Prosser, to be held by him for the benefit of whoever should
be decided to be entitled thereto.  The court found the fol-
lowing facts : 1st.  That John R. Wyman died intestate, Jan-
uary, 1859, and administration on his estate was granted to
the plaintiff, 1850.  2d.  That the defendants Harvey J. and
Helen V. Wyman were his only heirs at law.  3d.  That said
John R., at the time of his death, owned certain real estate
in Bath, on which was a hotel and other buildings, and was
the owner of two policies of insurance thereon, issued to him,
for the sum of $1425 each, by the terms of which policies
the loss or damage, if any, was payable to the insured, " his
executors, administrators and assigns."  4th.  That the poli-
cies were in full life at the time of his death.  That on the
8th October, 1859, the insured property was destroyed by
fire, and the loss adjusted at $1425 on each policy, and a
writing on said policies, duly signed by the insurers, agreeing
to pay the same to the parties entitled thereto.  5th.  That
before the commencement of this action the insurance money,
$2850, was paid to the defendant Prosser, by the consent of the
parties to this action, to be held by him, to be paid under the
direction of this court to the respective parties to this action

to whom the court should determine the same to belong, &c. 6th. That the estate of said John R. was insolvent, and that William W. and George G. were creditors of the estate to the amount of $7000. Upon which findings the court decided that the plaintiff, as administratrix, was entitled to the money, and gave judgment that the same be paid over to her with interest ; the costs of the parties to be paid out of the fund. Judgment was duly entered December 11th, 1860, accordingly.

The following opinion was given by the justice before whom the cause was tried at the circuit :

E. DARWIN SMITH, J. " The policies of insurance upon which the money in controversy was received by the defendant, are both contracts in form with John R. Wyman, (the deceased,) his *executors, administrators or assigns.* If the fire had occurred in the lifetime of the insured and the loss remained unpaid, it would most undoubtedly be payable to the administratrix, and would be assets in her hands. The death of the insured cast the real estate upon the heirs, but the contract of insurance remained a *personal contract* with the executors, or else it terminated with the death of the insured. So far as the heirs are concerned they have no assignment of the policy, and unless it remains valid in the hands of the executors or administrators, no one I think could have enforced it. In Ellis on *Insurance,* 84 and 5, it is said of policies of insurance : ' If the covenant does not name the *heirs,* the executors of the insured and not the heirs will be entitled to the proceeds of the policy, and these proceeds will go to pay debts instead of being applied to rebuild houses,' &c. Hovenden, in 1st *Supp.* 305, says : ' Policies of insurance are not attached to the realty, nor do they in any manner go with the same as incident thereto by any conveyance or assignment,' and see *Mildmay* v. *Folgham,* (3 *Ves.* 471 ;) *Haxall, ex'r,* v. *Strippers,* (10 *Leigh,* 555 ;) *Distro* v. *Jones,* (1 *Har. Mich. R.* 56 ;) 1 *Phil. on Ins.* 104 ; 1 *Angell on Ins.*

403. These cases, I think, fully establish the law to be that the policy of insurance in this case did not pass to these heirs, but did pass to the executors and administrators, and could only be collected by them. The cases in Vesey and Leigh are precisely like this, in the fact that the fire occurred after the death of the insured, and the executors are held entitled to the insurance money. In the case in 4 *Bradford,* 117, the surrogate of New York held that the executor was the only person who could enforce the contract of insurance; the policy running like these in this case to the insured and his executors, administrators, &c. If the want of an insurable interest in the executors or administrators would in such a case be fatal to the right of recovery, the want of any assignment or transfer of the contract to the heirs, when heirs are not named in the policy, would be equally fatal. But in such case I think that the executors and the heirs should *both* be deemed to represent the estate for the purpose of sustaining the policy, and the money to be received on the policy would go for the benefit of the estate in payment of debts. The interest of the insured remaining in his heirs, I think, would be a sufficient interest to sustain the policy in the hands of the executors. It is like the case of a contract to sell lands; the title would go to the heirs, but the executors would take the contract and be entitled to recover the money due thereon if it remained in force. Both, in such case, represent the deceased; one taking the realty and the others the chattel interests.

Upon the force of these cases I must hold that the money belonged to the plaintiff as administratrix; but if it were otherwise, and the money be deemed real estate, I think equity would reach it as a substitute for real estate, at the suit of the administratrix in this case, for the payment of debts, the creditors being entitled to payment before the heirs could appropriate it to their own use; it appearing that the estate was insolvent, and that the insurance money and the land was insufficient to pay the debts."

Judgment was accordingly entered for the plaintiff, and the defendant made a case containing the exceptions, and appealed to the general term.

*D. B. Prosser* and *S. H. Welles,* for the appellants.

*C. G. Judd,* for the plaintiff.

*By the Court,* JOHNSON, J. Policies of insurance are not deemed, in their nature, incidents to the property insured. They are mere special agreements with the person insuring against such loss or damage as he may sustain. They do not cover any interest which another person may have in the same property, as heir, grantee, mortgagee or creditor, unless such other has a valid assignment of the policy. (*Carpenter* v. *The Providence Washington Ins. Co.,* 16 *Peters,* 495.)

The promise here is, in terms, to the assured, his executors, administrators and assigns. In just such a case as this, where the assured died, and the property insured descended to the heir, who had no assignment of the policy, and a loss happened afterwards, it was held that the loss was payable to the executor, and not to the heir. (*Mildmay* v. *Folgham,* 3 *Ves.* 472. *Angell on Ins.* 403, § 389.) The same rule is laid down by most if not all of the writers on the subject of insurance. Indeed, it results necessarily from the nature of the contract. It being a mere personal contract, in no way attached to, or running with, the real property insured, it does not pass with it, either to the grantee or the heir. The executor, or administrator, is the only one who can take it and enforce it.

The judgment must therefore be affirmed.