Nicholson, C. J.,
delivered the opinion of the court:
In November, 1873, Jacob Burldé insured a- bouse on a lot of bis against fire for twelve months. The policy issued to Mm, and the loss was made payable to- himself, his executors and administrators.
*617 Burkle died in March, 1874, having made his will, in which he nominated complainant Hudnell as executor, and devised his real estate, including the insured lot, to his four children.
His widow, Rebecca Burkle, dissented from his will, and had dower assigned, in which was included the insured house and lot. The house insured was destroyed by fire on the 18th of August, 1874, subsequent to the allotment of dower. The insurance company paid over the amount of the insurance to complainant as executor, who holds the same subject to disposition, by order of the court.
The question to be decided is, who is entitled to' the insurance, money, the creditors of the testator, his heirs, or his widow?
It is said by Mr. Phillips, in his work on Insurance, vol. 1, p. 66, that “no legal tribunal seems to have laid down the doctrine that the. transfer of real estate by the decease of the assured carnes the policy as incidental to the es^ fate, any more than a transfer during his life would have that effect. On the contrary, what there is of jurisprudence on the subject favors the doctrine that the insurance on real estate is a personal contract, and that the proceeds of it, if any, go as personal property.”
It is insisted for the creditors of the deceased, whose estate is being administered under our insolvent laws, that this authority should control the disposition of the fund as personal assets. But since Mr. Phillips wrote, which was about 1823, the question has been repeatedly considered and adjudicated, and the weight of authorities now is in accordance with that suggested by him as the proper rule in such case — that is, “to regard the proceeds of an insurance on real estate as a fund arising from the conversion of personalty into realty, -and to be treated accordingly. It is merely holding that the substitute for a piece of real estate, or for a part of its value, should be *618 subject to the same disposition that is made of the subject itself.” 1 Phillips on Insurance, 61.
Mr. Flanders, who wrote, in 1871, in his work on Insurance, p. 349, gives the state of jurisprudence'on the subject at that time. lie says: “A pokey of insurance being a mere personal contract, in no way attached to or running with the real property insured, it does, not pass with it either to the grantee or the heir. The executor or administrator is the only one who can take it and enforce it. Put where the insurance was by the intestate for his own benefit, and the loss occurred after his death, it was held that the interest in the insurance followed the subject insured, and passed to the heirs. Wyman v. Wyman, 26 N. Y., 23. But although the insurance money is to be treated as proceeds of real estate, it is nevertheless subject as is the real estate itself, under our laws, to the payment of the debts of the ancestors.”' He adds:- “Having possession of the fund, it is proper for the. court to retain it for the purpose of a just administration among the parties entitled to it; and the widow is entitled to her dower interest prior to the rights of creditors. Where the policy runs to the assured, his executors or administrators, the right of an action becomes vested in. his personal representatives, for tire protection of the interest of his heirs. Such representatives become trustees for those having beneficial interests in the premises, to-wit, the widow and the heirs.” Wyman v. Prosser, 36 Barb., 368.
These principles have been recognized and approved in more recent cases, so that it may now be regarded as settled, that although the policy of insurance' on real estate is a personal contract, yet being a contract in respect to real estate, and intended to secure the value of the real estate against diminution by reason "of the destruction of the improvements thereon, which constitutes part of the realty, the proceeds of such contract are properly treated as a substitute for so much of realty as was covered by the *619 insurance. It follows that when the loss occurs after the death of the assured, his representative receives the proceeds of the policy as realty, for the benefit of the heirs and widow, the interest of the former being subordinate to the rights of the creditors of the assured, but that of the widow being superior to them.
In the present ease, as the house destroyed by fire had been alibied to the widow as part of her dower, she is entitled to the use of the entire fund during her life, just as she was entitled to the house destroyed.
The decree of the chancellor will therefore be affirmed with costs.