BENNETT *v.* FEATHERSTONE *et al.*

(*Nashville.*    December Term, 1902.)

1. **FIRE INSURANCE.**  Contract of, is one for personal indemnity.

   A contract of fire insurance is one of personal indemnity to the party with whom it is made and inures to the benefit only of those who are embraced within the scope of its provisions.

   Cases cited:  Quarles v. Clayton, 87 Tenn., 308; Welsh v. Corporation, 151 Pa., 607.

2. **SAME.**  Protects interests both of life tenant and remainderman, when.

   A policy or contract of insurance may be taken out for the benefit of both the life tenant and remainderman, if so intended and stipulated.

   Case cited:  Welsh v. Corporation, 151 Pa., 607.

3. **SAME.**  Same.

   The policy or contract will inure to the benefit of both the life tenant and remainderman where the insurance is taken out by the owner of the premises, who subsequently dies and the estate becomes divided into an estate for life and in remainder.

   Cases cited:  Hudnell v. Burkle, 3 Tenn. Cases, 616; Brough v. Higgins, 3 Grattan, 408; Haxhall's Ex'r v. Shippen, 10 Leigh, 536.

4. **SAME.**  Life tenant entitled to proceeds of insurance to exclusion of remainderman, when.

   There is no legal obligation on the part of the life tenant to insure the interest of the remainderman, and insurance taken out

by the life tenant must be shown to have been stipulated or intended to cover the interest of the remainderman, and, unless such fact appears, it will be treated as a contract for personal indemnity to the life tenant, entitling him to the proceeds, to the exclusion of the remainderman.

Case distinguished. Hudnell v. Burkle, 3 Tenn. Cases, 616.

5.  **SAME.** Case in judgment.

Defendant F., owning a life estate in certain premises, took out a policy of insurance on a house situated thereon which was burned. Complainant owning the remainder interest in said premises filed his bill against the life tenant and Insurance Company and prayed that the proceeds of the insurance be either applied to replacing the house burned or loaned out until the death of the life tenant, so as to preserve the remainder to him and to enable the life tenant to receive the interest: Defendants demurred on the ground that the contract of insurance is a personal contract—that the interests of the life tenant and remainderman were distinct insurable interests, and the bill failed to show that the policy was intended to cover both interests or to inure to the benefit of the remainderman.

*Held*:  The life tenant is entitled to the proceeds of the insurance taken out by her to the exclusion of the remainderman, it not appearing that the policy was intended to cover the interest or inure to the benefit of the remainderman.

Case distinguished:  Hudnell v. Burkle, supra.

## FROM FRANKLIN.

Appeal from Chancery Court of Franklin County.— T. M. McCONNELL, Chancellor.

FRANK L. LYNCH and LYNCH & LYNCH, for Bennett.

ALBERT D. MARKS, for Insurance Company.

J. E. WILLIS, for Mrs. Featherstone.

MR. JUSTICE WILKES delivered the opinion of the Court.

This cause involves the right to the proceeds of a fire insurance policy. Defendant owns a life estate in the premises, which were burned, and complainant owns the remainder interest. The bill was filed by the remainderman against the life tenant and insurance company, and asks that the proceeds of insurance upon the house burned be applied to replacing the building, or loaned out until the death of the life tenant, so as to preserve the remainder to him, and to enable the life tenant to receive the interest during her life.

There was a demurrer to the bill, which set up, in substance, that, according to the allegations made, the contract of insurance was only a personal contract with the life tenant for her own indemnity, and it was not charged that complainant, as remainderman, was a party to the contract, or interested therein, and there was no allegation that there was any agreement that the policy should inure to the benefit of the remainderman. Furthermore, that the bill showed a separate

and distinct insurable interest in each, the life tenant and remainderman; and failed to allege that the policy was intended to protect the interest of both the life tenant and remainderman. The life tenant and insurance company joined in this demurrer. On hearing it was sustained, and the bill was dismissed, and there was an appeal by complainant.

On hearing in that court the court of chancery appeals affirmed the decree of the chancellor, and complainant has appealed to this court and assigned errors.

We are of opinion complainant fails to state such facts as would give him any interest in the proceeds of the policy, or any right to control the same. There is no allegation that the policy was taken out to cover the remainder interest as well as the life estate, and none that there was any agreement or understanding that the remainderman should be protected.

The questions presented are whether the life tenant is under any legal obligation to insure the interest of the remainderman, and whether, if the life tenant takes out insurance without in terms expressly limiting it to his interest, he can claim such insurance to the exclusion of the remainderman.

We are cited to quite a number of cases in support of complainant's contention that he has an interest in the proceeds of insurance in similar cases.

The first is the case of *Hudnell* v. *Burkle,* 3 Tenn. Cas., 616. In that case Burkle took out insurance upon his house, the policy being issued to him, loss payable

to himself, his executors or administrators.   He devised this real estate to his four children.  His widow dissented from his will, and had dower assigned, which embraced the house covered by the insurance.   The house was subsequently destroyed by fire.   The proceeds of the policy were paid to the executors.   A contest arose as to who was entitled to them, the creditors, devisees, or widow.   The court held that, the loss having occurred after the death of the owner, his executors should receive the proceeds of the policy as realty for the benefit of the devisees and widow, the interest of the former, however, to be subordinate to the claims of creditors, and the interest of the widow superior, and it was decreed that the widow was entitled to the use of the fund for life.

The next case cited is *King* v. *Sharp*, 6 Humph., 55. This case involved some slaves which the testator willed to his widow for life, with remainder to the children. The slaves were sold by the life tenant to Sharp, and removed from the State, and suit was brought by the remaindermen, and it was held that Sharp had assisted in converting the property of the remaindermen, and the life tenant was trustee for the remaindermen.   Now, while a life tenant of real estate is in a certain sense a trustee for the remaindermen, we know of no authority and have been cited to none, making it legally obligatory upon him to insure for the benefit of the remaindermen.

In *Welsh* v. *Corporation*, 151 Pa., 607, 25 Atl., 142, 31

Am. St. Rep., 786, cited also in 13 Am. & Eng. Enc. Law (2d Ed.), p. 374, it is held, among other things, that the contract of insurance is one personal to the party who takes it out, but that it may be taken out for the benefit of both the life tenant and remainderman if so intended and stipulated.

In the case of *Quarles* v. *Clayton,* 87 Tenn., 308, 10 S. W., 505, 3 L. R. A., 170, it is held a contract of fire insurance is a contract for personal indemnity to those with whom the contract is made and those falling within the scope of its provisions, but when a policy is taken out by one who subsequently dies, the personal representative may recover upon it for those who succeed to the estate insured under the law, but not for a purchaser of the property.   In that case it was held that the widow took the property as purchaser under a marriage contract with her husband, and hence did not succeed to it by operation of law, as was the case in *Hudnell* v. *Burkle,* 3 Tenn. Cas., 616, where the parties succeeded to the property under the law, and hence she had no interest in the proceeds of the policy.   The two cases are not in conflict, but only serve to emphasize the doctrine that an insurance contract is one personal to the party who makes it, and inures to the benefit only of those who are embraced in its provisions.

In *Kearney* v. *Kearney,* 17 N. J. Eq., 59, 504, it was held, in substance, that the interests of the life tenant and remainderman are distinct, and, if insurance is desired, the life tenant and remainderman must insure

their respective interests as may be deemed most desirable.

In *Brough* v. *Higgins,* 2 Grat., 408, an owner insured his house, which was burned after his death, and after it had been assigned as dower. It was held that the tenant for life was entitled to have the proceeds of insurance applied to repair of the buildings, and the owner of the remainder was entitled to like relief. This is virtually the case of *Hudnell* v. *Burkle,* 3 Tenn. Cas., 616. The case of *Haxall's Ex'rs* v. *Shippen,* 10 Leigh, 536, 34 Am. Dec., 745, is to the same effect.

From these cases, and as a matter of principle, we hold that there is a distinction between the case when the insurance is taken out by the owner, who subsequently dies, and the estate becomes divided into a life estate and remainder, and the case when, the two estates being already in existence, the contract is made by the life tenant without regard to the remaindermen. In the former case the proceeds of the policy will go to those who succeed to the estate of the insured after his death; in the latter case they will go to the life tenant if he takes out the policy to indemnify himself without intending to cover the interest of the remainderman.

There is no legal obligation on the part of the life tenant to take out insurance on the interest of the remainderman, and insurance taken out by the life tenant must be shown to have been stipulated or intended to cover the interest of the remainderman, and, unless

such fact appears, it will be treated as a contract for personal indemnity to the life tenant, and he will be entitled to the proceeds to the exclusion of the remainderman.

We see no error in the decree of the chancellor and court of chancery appeals, and their decrees are affirmed.