[S. F. No. 6025.　Department Two.—September 26, 1912.]

In the Matter of the Estate of MARGARET ROBL, Deceased.

Estate of Deceased Persons—Destruction by Fire of Property Specifically Bequeathed—Legatee Entitled to Insurance Collected.—Where personal property specifically bequeathed is destroyed by fire during the progress of administration, the insurance money collected on account of the loss belongs to the legatee. If the insurance premium thereon has been improperly charged to the estate, that is a matter for adjustment in the account of the executor.

Id.—Delay in Selling Property—Diminution of Selling Price—Due Exercise of Judgment by Executrix—Right to Commission.— An executrix, who was a co-owner of real property of the estate which she was empowered by the will to sell when "a fair price may be obtained therefor satisfactory to all," does not lose her rights to commissions on the proceeds of its sale, merely because it was sold for a less price than could have been obtained had it been sold sooner, if she exercised the same judgment with respect to the sale of the estate's interest in the property as she did toward her own, and acted with fidelity and that degree of prudence and diligence which one of ordinary judgment would be expected to bestow upon his own affairs of like nature.

APPEAL from an order of the Superior Court of the City and County of San Francisco distributing the estate of a deceased person and settling the accounts of an executrix. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

R. F. Mogan, for Appellant.

Percy E. Towne, for Respondent.

HENSHAW, J.—1. By this appeal it is sought to modify a decree of distribution which gave to Catherine E. Robl the insurance collected on furniture which had been specifically bequeathed to her and had been burned during administration. Catherine E. Robl, to whom the furniture had been bequeathed, was also the executrix of the estate. The insurance was under a policy payable to the executrix, and $712.50 was

collected upon the insurance policy after the destruction of the furniture. Title to the furniture vested in the legatee at the death of the testatrix. There would be no equity in depriving the legatee of the insurance indemnity and in giving it to the estate to which it did not belong. If, as implied, the executrix improperly charged insurance premiums to the estate, that is a matter for adjustment in her account, but is not before this court. It is well settled in cases such as this, that the insurance money takes the place of the personal property destroyed. (*Wyman* v. *Wyman,* 26 N. Y. 253; *Haxall* v. *Shippen,* 10 Leigh (Va.), 536, [34 Am. Dec. 745] ; *Culbertson* v. *Cox,* 29 Minn. 309, [43 Am. Rep. 204, 13 N. W. 177] ; *Parry* v. *Ashley,* 3 Sim. 97; *Durant* v. *Friend,* 11 Eng. Law & Eq. 2.)

2. Under the assertion that the executrix was "speculating" with the property of the estate, it is contended that the court erred in allowing her commissions on the sale of real estate, the fact being that because of the great conflagration of 1906 the real property was sold thereafter for a less price than could have been obtained before. The language of the will provided that the property "may be sold when a fair price may be obtained therefore satisfactory to all." The executrix herself was co-owner of the property in question. She exercised the same judgment and adopted the same policy with respect to the estate's interest in the property as she did toward her own. Her two brothers, who were co-owners with her and the estate in the property, coincided with her views. It is shown that the executrix acted with fidelity and with that degree of prudence and diligence which one of ordinary judgment would be expected to bestow upon his own affairs of like nature. Indeed, more than this, it is shown that it was the very judgment which she did exercise in her own affairs of the same nature, and this fills the requirement of an executor's duty. (*In re Moore,* 96 Cal. 522, [31 Pac. 584].)

The decree appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.