Scott J. HANSON, Appellant,

v.

Olaf L. HAMNES, Respondent,

National Farmers Union Insurance Companies, et al., Defendants.

No. C1–90–803.

Court of Appeals of Minnesota.

Oct. 2, 1990.

Review Denied Nov. 9, 1990.

Ronald C. Anderson, Gregory Anderson, Hulstrand, Anderson & Larson, Willmar, for appellant.

Jean E. Paulson, Wyman A. Nelson, Nelson, Nelson & Paulson, Cokato, for respondent.

Considered and decided by LANSING, P.J., and PARKER and GARDEBRING, JJ.

## OPINION

PARKER, Judge.

Scott J. Hanson, vendee, appeals from the trial court's judgment allowing Olaf J. Hamnes, vendor, to retain all the proceeds from his fire insurance policy on the subject premises. Vendee contends he should receive all proceeds from vendor's policy even though vendee carries his own fire insurance as required by the contract for deed. Vendee argues that by constructive trust the insurance proceeds are held for his benefit. He also argues that if vendor receives the proceeds, he receives a windfall while vendee suffers a loss. We affirm.

## FACTS

Hamnes owned a small house and garage on a residential lot in Willmar, Minnesota. He agreed to sell the house to Hanson for $14,000. Upon paying $3,000 earnest money, Hanson entered into a purchase agreement with Hamnes. The parties signed a contract for deed which required vendee to pay the balance of $11,000 in 60 monthly installments of $233.73.

The contract required vendee to insure the property against loss by fire for at least $11,000. According to the contract,

in case of loss, should there be any surplus over and above the amount then owing [vendor,] his heirs or assigns, the balance shall be paid over to [vendee] as [his] interest shall appear.

Vendee purchased $15,000 of fire loss insurance on the property through National Farmers Union Insurance Company (National). Vendor retained fire loss coverage

for $28,974 through State Farm Insurance Company (State Farm).

Vendee made five monthly payments to vendor with a balance due on the contract of $10,184.66.

On December 21, 1988, fire totally destroyed the house. The parties agreed on the distribution of vendee's insurance proceeds: under the contract, vendee would pay vendor the contract balance of $10,129.73 in exchange for the warranty deed, and vendee would retain $4,870.27, the remaining proceeds.

Vendee commenced this lawsuit against National, State Farm and Hamnes, seeking the proceeds of Hamnes' fire insurance policy. Before trial of this case, both National and State Farm acknowledged their separate liability for the full policy amounts. Subject to the court's direction, National agreed to pay $15,000 and State Farm agreed to pay $28,974, and the parties dismissed as against them.

After a court trial, the trial judge concluded:

1. Scott J. Hanson as a contract vendee shall pay to Olaf L. Hamnes the sum of $10,129.73 payable from the proceeds of the National Farmers Union Insurance Company homeowner's policy obtained by Scott Hanson insuring the premises at 1421 West Trott Avenue, Willmar, Minnesota, and the balance of the proceeds from the National Farmers Union policy may be retained by Scott J. Hanson.

2. Olaf L. Hamnes is entitled to 100 percent of the loss payable by State Farm Insurance Company pursuant to its homeowner's policy issued to Olaf L. Hamnes insuring the premises at 1421 West Trott Avenue, Willmar, Minnesota, in the sum of $28,974.00.

Vendee appeals from the judgment only as it relates to the State Farm proceeds.

## ISSUE

Is vendee entitled to the proceeds of vendor's fire loss insurance when the vendee carries fire loss insurance as required by contract for deed?

## ANALYSIS

The parties do not dispute the facts. This appeal presents only a question of law. This court "need not defer to the ultimate conclusion [of law] drawn by the trial court." *Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349, 354 (Minn. 1978).

In *Culbertson v. Cox*, 29 Minn. 309, 311, 13 N.W. 178 (1882), the supreme court held that fire insurance is personal:

It is now too well settled to be questioned, that policies of insurance against fire are personal contracts with the assured, which do not attach to the realty, or in any manner go with the same, as incident to a conveyance or transfer of the title to lands; that the contract is confined to the parties; and that, as a general rule, no equity attaches upon the proceeds of such policies in favor of third parties, who in the character of grantee, mortgagee, or creditor, may sustain loss by the destruction of property.

In *Gilles v. Sprout*, 293 Minn. 53, 196 N.W.2d 612 (1972), the vendee in possession of real estate under an executory sales contract sought the benefit of the vendor's fire loss insurance to satisfy the balance of the purchase price. The contract did not include an obligation of insurance. *Id.* The *Gilles* court held that the vendor must apply his insurance proceeds toward the unpaid purchase price less the cost of maintaining insurance on the dwelling for the period when the vendee was in possession. *Id.*, 293 Minn. at 60, 196 N.W.2d at 615–16.

The *Gilles* court considered both the law of personal contractual relations between vendor and his insurer and applicable equitable principles:

While the legal relations between vendor and his insured and vendor and his vendee are personal, beneath this external form the essence of the agreement before the sale is completed is that the purchase price ought to be paid to the vendor and the land ought to be conveyed to the vendee. Where the final acts contemplated by the parties can be achieved by requiring that the proceeds

be applied to reduce the purchase price, it ought to be regarded as done.

*Id.,* 293 Minn. at 59–60, 196 N.W.2d at 614. The *Gilles* court justified invasion of the vendor's insurance proceeds on equitable principles because the contract failed to address the obligation to insure and the vendee did not insure. *Id.*

This case differs from *Gilles.* Vendor and vendee's contract places the duty to insure on vendee and he did insure the property. Therefore, this case lacks both reasons cited in *Gilles* for invading the vendor's proceeds. The trial court used similar reasoning, which we find persuasive.[1]

Vendee contends that if vendor keeps his insurance proceeds, he will receive a windfall while vendee suffers a loss. While vendor surely receives a windfall, he chose the insurance amount and paid the premiums. Vendee could also, presumably, have overinsured the property.

Vendee argues that he needs a special-use permit to rebuild. He appears to complain that vendor has received the larger windfall. On the face of the transaction, vendee suffers no loss. He receives from his insurance proceeds a surplus greater than the amount he has paid on the contract for deed. Moreover, vendee has satisfied the contract for deed and he receives a deed to the land.

## DECISION

Vendor shall retain the proceeds from the insurance which he procured.

Affirmed.

---

1. The posture in which the parties tried the case and preserved the appeal determines the resolution of this case, but it may not obtain in every case. Perhaps, as suggested, a more equitable solution would be for each party to retain the proceeds of his insurance policy. Vendor's insurance proceeds could satisfy the "amount then owing" on the contract for deed, and vendor would give vendee his deed. This would achieve the purpose of the contract for deed and result in an almost even distribution of proceeds after regarding the insurance proceeds as paying the balance due.