RANDALL ET AL., RESPONDENTS, *v.* THE PHŒNIX INSURANCE COMPANY, APPELLANT.

INSURANCE POLICY—*Arbitration— Right of action.*—Provisions in an insurance policy that the amount of loss shall be determined by arbitration upon a failure of the parties to agree, and that the obtaining of an award by arbitrators, fixing the amount of loss, shall be a condition precedent to the sustaining of an action against the company for the recovery of any claim, must be construed to bar a recovery only when the plaintiff has refused to arbitrate upon request of the company, after a disagreement as to the amount of the loss; and when no disagreement has existed, it is not essential to plaintiff's recovery that he prove an award or a request for arbitration.

SAME—*Pleading.*—In the case at bar the complaint alleged the value of the destroyed property, and also that the value had been ascertained by arbitration, of which facts proof was admitted. *Held,* that the allegations did not state two causes of action or inconsistent facts, for, if no occasion for arbitration had arisen, the allegation was surplusage, and proof thereof was not essential to plaintiffs' right to recover.

*Appeal from First Judicial District, Lewis and Clarke County.*

The cause was tried before GALBRAITH, J., sitting in place of HUNT, J. Plaintiffs had judgment below.

*Bach & Buck,* and *B. P. Carpenter,* for Appellant.

The condition of the policy, that no suit or action against the company for the recovery of any claim, by virtue of the policy, shall be sustainable until after an award shall have been obtained, fixing the amount of such claim in the manner provided in the policy, which is agreed to be a condition precedent, is valid and binding upon the assured. (*Scott* v. *Avery,* 5 H. L. Cas. 811; *Hamilton* v. *Liverpool & L. & G. Ins. Co.* 136 U. S. 242; 2 Addison on Contracts, 294; Morse on Arbitration and Award, 93; May on Insurance, § 493; *Perkins* v. *Electric Light Co.* 16 Fed. Rep. 513; *Gauch* v. *London etc. Ins. Co.* 10 Fed. Rep. 347; *Carroll* v. *Girard F. Ins. Co.* 72 Cal. 301; *Bedell* v. *Kennedy,* 109 N. Y. 153; *Knoche* v. *C. M. & St. P. R. R. Co.* 34 Fed. Rep. 471; *Doyle* v. *Peterson,* 84 Va. 800; *Herrick* v. *Bellknap,* 27 Vt. 673; *Brown* v. *Overbury,* 11 Ex. 715; *Delaware & H. Canal Co.* v. *Pennsylvania Coal Co.* 50 N. Y. 250; *Old Saucelito etc. Dry Dock Co.* v. *Connecticut U. Ins. Co.* 66 Cal. 253; *Holmes* v. *Richet,* 56 Cal. 307; *Faunce* v. *Burke,* 16 Pa. St. 469; 55 Am. Dec. 519; *O'Reilly* v. *Kerns,* 52 Pa. St. 214; *Reynolds* v. *Caldwell,* 51 Pa. St. 298; *Flaherty* v. *Germania Ins. Co.* 7 Ins. Law J. 238, Pa. 1878; *Reed* v. *Washington Ins. Co.* 138 Mass. 572; Myers' Fed. Dec. p. 1036, § 72; *Liverpool & L. & G. Ins. Co.* v. *Creighton,* 51 Ga. 95; 2 Wood on Insurance, § 457; *Wolff* v. *Liverpool & L. & G. Ins. Co.* 50 N. J. L. 453; *Scottish Union & Nat. Ins. Co.* v. *Clancy,* 71 Tex. 5; *Hall* v. *Norwalk Fire Ins. Co.* 57 Conn. 114.)

*Toole & Wallace,* for Respondents.

While the other policies each provide for arbitration under certain conditions in case of either "loss or damage," the Phœnix Company's policy does not provide for arbitration in case of loss, but only in the event of "damage," and its clause as to arbitration therefore has no application to the *total* destruction of the property. (*Rosenwald* v. *Phœnix Ins. Co.* 50 Hun, 172; *Williams* v. *Hartford Ins. Co.* 54 Cal. 442; 35 Am. Rep. 77.) And this is the only policy which contains an express covenant that an award in accordance with its provisions shall be a condition precedent to the right to sue.

Hence in this alone is it made a condition precedent. (*Crowley* v. *Connecticut Fire Ins. Co.* 27 Fed. Rep. 30, 32; *Canfield* v. *Watertown Fire Ins. Co.* 55 Wis. 419.)

HARWOOD, J.—This action was brought to recover fifteen hundred dollars insurance, upon one of the policies mentioned in the case of *Randall et al.* v. *The American Fire Ins. Co. of Philadelphia, ante,* page 340. That case is referred to for a statement of the pleadings, evidence, and points relied upon by appellant in this case.

This cause was tried before the court without a jury; and by stipulation, the same evidence introduced on the trial of the cause above referred to, by the respective parties, was submitted and considered in this cause, except that the policy of insurance issued by the Phœnix Insurance Company was introduced herein. There are no material differences in the two policies as to the provisions requiring proofs of loss. The clause of the Phœnix policy providing for arbitration to determine the amount of loss reads as follows: "10. The amount of sound value and of damage to the property, whether real or personal, covered by this policy, or any part thereof, may be determined by mutual agreement between the company and the assured, or failing to agree, the same shall then be submitted to competent and impartial arbitrators, one to be selected by each party, the two so chosen, in case of disagreement, to select an umpire to whom they shall refer each subject or difference, and the award of any two of them, in writing under oath, shall be binding and conclusive as to the amount of such loss or damage, but shall not determine the validity of the contract, nor the liability of this company, nor any other question, except only the amount of such loss or damage." This policy also contains a clause to the effect that no action against the company "for the recovery of any claim by virtue of this policy shall be sustainable until after an award shall have been obtained, fixing the amount of such claim in the manner above provided, which is agreed to be a condition precedent." If this latter clause should be given literal effect, it amounts to an agreement, that the assured who suffers a loss covered by the policy will not resort to court to compel payment, unless defendant consents; for if the assured

cannot maintain an action "until an award shall have been obtained, fixing the amount of such claim in the manner provided," and the company does not join in choosing an arbitrator, etc., then the assured could not obtain an award; hence, according to the literal terms of the policy, he could not in that case maintain his action in the court at all. The contract cannot be construed thus, for such a construction makes the clause void. We must if possible give this provision such an interpretation as to make it reasonable and not void in law. We therefore construe the provision as to arbitration to mean that the provision shall be brought into action when the insurer asserts a *difference* as to the amount of value of the property destroyed or damaged from that stated in the verified proofs of loss; and the clause forbidding the maintenance of an action for recovery of the loss until after an award shall have been obtained, must be read and applied in connection with the arbitration clause, and it will come into action to bar plaintiff's recovery where he has refused to arbitrate after the matter for arbitration arose, and the same was seasonably sought in conformity with the terms of the policy, as was the case in *Hamilton* v. *Liverpool & L. & G. Ins. Co.* 136 U. S. 242, and other cases cited in *Randall* v. *American Fire Ins. Co. supra.*

As will be seen by reference to the case last mentioned, the contention on the part of the respondent was not as to the amount of loss, as stated in the verified proofs of loss; but the contention was that the statement that "loss on building as estimated by Ketchum and De Noille & Co., builders selected by agreement between agent of companies and assured," was false, and must be stricken out. Without asserting any other objection or any dissent from the statement of value of the property destroyed as contained in the proofs of loss, the respondent returned said proofs, and declined to receive them on the ground that said statement was made therein. Plaintiffs refused to expunge said statement from the proofs of loss, and with that contention it appears negotiations ceased. No offer was made by respondent to pay any sum in settlement of its obligation on said policy; and no difference of opinion being raised as to the value of the property destroyed, we think the court rightly held that it was not essential for plaintiffs to prove an

award, or an attempt to get one, before recovery could be had in this action.

Another point insisted upon by appellant is that the court erred "in trying the case as to the loss of the hotel upon two different and distinct theories, each being incompatible with the other; that is to say, in assuming that under the pleadings the plaintiffs could establish their case on an award or finding by Ketchum and De Noille of the value of the hotel at the time of its destruction, a proceeding on an adjusted loss, and also on a compliance by the plaintiffs with the terms of the policy and proof of actual value of the property at the time of its destruction, a proceeding on an unadjusted loss."

The main elements which constituted plaintiffs' cause of action were: (1) The contract, i. e., defendant's obligation to pay a certain portion of the value of the property destroyed. (2) The happening of the events which made the obligation payable. (3) The failure to make payment. The obligation on the part of defendant is to pay according to the value of the property, and the contract provides that under certain conditions the value shall be ascertained in a certain manner. This latter provision is incidental to the obligation. The plaintiffs alleged the value of the destroyed property, and also alleged that the value of the hotel had been ascertained by arbitration. This was not an averment of two causes of action, nor was it an averment of two facts "incompatible with each other." It was only alleging the value, and that the same had been ascertained in a manner required by the contract under certain conditions. The fact of ascertaining the value by arbitration would be essential to recovery under certain conditions. Under other conditions it would not. (*Randall et al.* v. *American Fire Ins. Co. ante,* p. 340.) If the conditions were such that the ascertainment of the value by arbitration was not essential, that allegation in the complaint was surplusage, and the proof thereof was not essential to plaintiffs' right to recover. In receiving proofs under such a state of facts, offered to establish a liability under a contract comprising these alternative conditions, it was proper for the court to receive proof of the value, as well as proof relating to the ascertainment of that value by arbitration.

The question as to whether arbitration is vital to plaintiffs' right of recovery depends upon whether the conditions arose requiring arbitration. If such conditions did not arise then arbitration was not essential, and proof of value would be pertinent. If the conditions requiring arbitration arose, and the same failed by the default or misconduct of plaintiff, his right of recovery in the action would fail, even though he had proved the value of the property otherwise.

The observations in this case should be read in connection with the case of *Randall et al.* v. *American Fire Ins. Co. ante,* page 340. On the facts and reasons therein set forth, the judgment and order overruling defendant's motion for new trial herein are affirmed with costs.

BLAKE, C. J., and DE WITT, J., concur.