LAWRENCE et al. v. NIAGARA FIRE INS. CO.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

1. EXECUTORS AND ADMINISTRATORS—INSURANCE—LOSS—PARTIES.
    Administrators may sue on a policy of insurance issued to their intestate, though the loss under the policy was of both real and personal property.
2. INSURANCE—AWARD OF APPRAISERS—WHEN REQUIRED.
    Where a policy provides that a loss thereunder shall not be payable till 60 days after notice and satisfactory proof of loss, "including an award by appraisers when appraisal has been required." Such an award is not a condition precedent to a right to sue unless required by one of the parties to the contract.

Appeal from circuit court, New York county.

Action by Henry Lawrence and Jennie M. Lawrence, as administrator and administratrix of William H. Lawrence, deceased, against the Niagara Fire Insurance Company, to recover on a policy of fire insurance. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

P. C. J. De Angelis, for appellant.
S. Hanford, for respondents.

BARRETT, J. This action was properly brought by the administrator and administratrix of the deceased. They were his "legal representatives," within the meaning of the law. The defendant claims that they were only his legal representatives as to the personalty, and that the heirs are his legal representatives as to the real estate. Upon this it contends that two actions should have been brought, one by the heirs for damage to the real estate, and one by the plaintiffs for damage to the personalty. This contention fails to distinguish between the right of action proper and the right to share in the recovery. If the policy had simply named

the deceased, and stopped there, the right of action would have passed upon his death to his executor or administrator. The provision of the policy that, wherever the word "insured" occurs therein, "it shall be held to include the legal representatives of the insured," was nothing but a recognition of the ordinary rule. So far as the contracting parties were concerned, there was no intention to vary the rule with regard to the vesting of the right of action upon the death of the insured. As between them, the real-estate incident was of no especial importance, and it was quite immaterial whether the loss in case of fire should be paid directly to the heirs, or to the legal representatives (as ordinarily understood) in the right of the heirs.

The contract as to both real estate and personalty was with William H. Lawrence. The plaintiffs are his successors. As such, the defendant's contract obligation runs to them directly. They can maintain the action because of this direct contract obligation. They so maintain it in their own right as to the personalty, in the right of the heirs as to the real estate. Wyman v. Wyman, 26 N. Y. 256. They may be regarded, as was said in the latter case, as parties to whom, as trustees of an express trust, the right to sue in their own name is preserved under the Code. Thus, the contract right and the insurable interest are interwoven. What equity may require the plaintiffs to do with the recovery is another question. The heirs can take care of themselves. What the defendant must do is to comply with its contract, namely, pay the loss to the persons to whom its legal obligation thereunder runs.

The defendant makes the further point that an appraisal of the damage occasioned by the fire was a condition precedent to the right of the insured to maintain an action to recover for the loss. The policy provided that the loss or damage should be ascertained or estimated according to the actual cash value of the property at the time the loss occurred, and that "said ascertainment or estimate" should be made by the insured and the company, or, if they differed, by appraisers. Provision is subsequently made for the selection of appraisers and an umpire. There is also the further provision that "the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required." The ascertainment here first referred to is that previously contemplated, namely, the ascertainment or estimate to be made by the insured and the company. It does not mean the ascertainment resulting from an award of appraisers where no such appraisal has been required. Where an appraisal has been required and made, the 60 days run from the receipt of the award by the company in connection with the proofs of loss. But, where an appraisal has not been required, the 60 days run from the receipt of the proofs of loss, together with any ascertainment or estimate which may have been arrived at between the insured and the company. If no such ascertainment or estimate has been arrived at, and no appraisal has been made, then the 60 days run from the receipt of the

proofs of loss. The construction placed by the defendant upon the words "when appraisal has been required" is strained and unnatural. It is contended that it means "when appraisal has been required by the terms of the policy." But why say this if appraisal always is required by the terms of the policy? The true construction is the obvious one, namely, that it means "required by either party." That is the ordinary sense of the words, and expresses the plain intention of the parties. They clearly so understood it, for we find the agent threatening that, unless the plaintiffs should accept $2,700 as a compromise, he would exhaust every condition of the policy, and insist upon having an appraisal. It is conceded, however, that this threat was not carried out, and that the defendant never demanded an appraisal. The defendant's conduct throughout indicated that no appraisal was desired. The proofs of loss were furnished to it on the 13th day of September, 1892, in the form prescribed by its agent. Upon the 26th of the same month, this agent informed the administrator that the proofs of loss were not legally verified. No other objection was then made. Subsequently, in answer to the administrator's request for information as to the real difficulty, the agent replied that the verification had no "venire." Four weeks later he wrote again, stating that his use of the word "venire" was a curious blunder, and that he meant to use the word "venue." This trifling proceeded without a word of substantial objection to the proofs of loss or request of an appraisal, until finally, at the end of November, the plaintiffs' counsel demanded immediate payment, and suggested that, if the defendant desired to contest the claim, it should name attorneys upon whom papers could be served. Even then no objection was made to the plaintiffs' proceedings or claim, and the general agent replied that the defendant had no desire for any legal contest.

The claim that the action was prematurely brought is without merit, and the judgment should be affirmed, with costs. All concur.