## SYKES *v*. ROYAL CASUALTY Co.

[72 South. 147.]

INSURANCE. *Accident insurance. Agreement for arbitration. Waiver.*

In a suit on an accident insurance policy containing a clause providing for arbitration and a clause providing that no suit shall be brought on the policy under sixty days from the date of final proof, where the insurance company did not request arbitration and since arbitration clauses are put in policies of insurance wholly for the protection of the insurer, and in view of the fact that insurance policies invariably provide that no suit can be maintained until sixty days have elapsed from the date of final proof, the rule is that the insurer waives its rights to an arbitration unless it is requested before suit is brought.

APPEAL from the circuit court of Monroe county.
HON. CLAUDE CLAYTON, Judge.

Suit by T. B. Sykes against the Royal Casualty Company. From a judgment of the circuit court dismissing the case on appeal by default from a judgment of a justice of the peace court for plaintiff, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Sykes & Sykes,* for appellant.

*Paine & Paine,* for appellee.

POTTER, J., delivered the opinion of the court.

This suit was commenced in a justice of the peace court in Monroe county by the appellant filing suit against appellee on an accident insurance policy. Judgment was obtained by the appellant in the justice court, and appellee appealed to the circuit court, and in that court after evidence had been produced by both the plaintiff and the defendant with reference to the extent of the plaintiff's injuries, and after both sides had rested, the defendant moved the court first to grant it a peremptory instruction, but afterwards withdrew this

motion and moved the court to dismiss the case without
prejudice upon the ground that the policy of insurance
upon which the plaintiff sought to recover contained the
following arbitration clause:

"It is agreed that, in case a dispute shall arise as
to any claim under this policy, the same shall be sub-
mitted to a commission of arbitration, composed of
three arbitrators, to be chosen as follows: One by the
company, one by the assured or beneficiary, as the case
may be, and the other to be mutually agreed upon by
the company and the assured or beneficiary. The
award of said commission of arbitration shall in all
cases be final, and no suit or proceedings at law shall
be maintained except to enforce such award."

The motion to dismiss was sustained by the court
upon the ground that the plaintiff had brought his suit
without first offering to settle the differences between
himself and the insurance company by arbitration un-
der the terms of the above agreement. The policy of
insurance under consideration contained the usual clause
providing that no suit shall be brought on said policy
under sixty days from date of final proof.

The insurance company in this case did not request
an arbitration, but the court held that no suit could be
brought on the policy until the assured had himself
requested an arbitration and there are many authorities
supporting this position. However, arbitration clauses
are put in policies of insurance wholly for the protec-
tion of the insurer, and, in view of the fact that in-
surance policies invariably provide that no suit can be
maintained until sixty days have elapsed from the date
of final proof, we prefer to adopt the rule that the
insurer waives its right to an arbitration unless it is re-
quested before suit is brought. This view is supported
by the following authorities: *Continental Ins. Co.* v.
*Vallandingham,* 116 Ky. 287, 76 S. W., 22, 105 Am. St.
Rep. 218; *Randall* v. *Phoenix Fire Ins. Co.,* 10 Mont.
362, 25 Pac. 960; *Randall* v. *L. & G. Ins. Co.,* 10

Mont. 368, 25 Pac. 962; *Tilley* v. *Conneticut Fire Ins. Co.*, 86 Va. 811, 80 S. E. 120; *Chainless Cycle Mfg. Co.* v. *Security Ins. Co.*, 169 N. Y., 304, 62 N. E. 392; *Lawrence et al.* v. *Niagara Fire Ins. Co.*, 2 App. Div. 267, 37 N. Y. Supp. 811.

*Reversed and remanded.*